THE STATE OF OHIO, APPELLEE, *v.* JACKSON, APPELLANT.

(No. 83-CA-3—Decided
December 12, 1983.)

*Mr. William F. Schenck,* prosecuting attorney, and *Ms. Vicki R. Patton-Hulce,* for appellee.

*Messrs. Cox & Cox* and *Mr. Timothy S. Chappars,* for appellant.

BROGAN, P.J. Defendant-appellant, Phillip Jackson, was indicted on a secret indictment by the Greene County Grand Jury alleging that he:

"* * * being a father charged with the maintenance of a legitimate child under the age of 18 years, to wit: Aja Trinnette Jackson, which child is a recipient of aid through the Greene County, Ohio, Welfare Department pursuant to Chapter 5107 or 5113 of the Revised Code, did neglect or refuse to pay such Welfare Department the reasonable cost of maintaining such child when the said father was able to do so by reason of property, labor, or earnings, contrary to and in violation of Ohio Revised Code Section 3113.06, * * *"

A jury trial was commenced on September 27, 1982, resulting in a finding of guilty as charged. From this judgment Phillip Jackson appeals, setting forth the following two assignments of error:

"The jury's verdict of guilty is against the manifest weight of the evidence, and the trial court erred to the prejudice of appellant in overruling appellant's motions to acquit made at the conclusion of the state's case and at the conclusion of all the evidence and renewed after the jury returned its verdict of guilty.

"The trial court erred to the prejudice of appellant in overruling his motion to dismiss."

Appellant's second assignment of error essentially attacks the constitutionality of R.C. 3113.06 under which he was convicted. Appellant argues the statute violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution in that (1) it fails to provide the same classification of criminal offense as R.C. 2919.21, thereby discriminating against those persons whose children receive ADC, (2) it fails to provide the affirmative defense contained in R.C. 2919.21(B), thereby discriminating against those persons whose children receive ADC, and (3) it fails to treat the sexes equally.

This court has recently ruled on the constitutionality of R.C. 3113.06 in *State v. Meyer* (Aug. 22, 1983), Greene App. No. 82-CA-62, unreported, and its three companion cases. In *Meyer* we specifically concluded the statute was constitutional under challenges one and three above. We stand by that decision and reaffirm our holding.

Therefore the only alleged constitutional infirmity we must address is number two, to wit: R.C. 3113.06 fails to provide the affirmative defense contained in R.C. 2919.21(B).

R.C. 2919.21 provides in part that:

"(A) No person shall abandon, or fail to provide adequate support to:
"* * *
"(2) His or her legitimate or illegitimate child under eighteen * * *;
"* * *
"(B) It is an affirmative defense to a charge under this section that the actor was unable to provide adequate support, and provided such support as was within his ability and means."

R.C. 3113.06 provides in pertinent part:

"No father, or mother when she is charged with the maintenance, of a legitimate or illegitimate child under eighteen years of age, * * * who * * * is the recipient of aid pursuant to Chapter 5107. [ADC] * * * of the Revised Code, shall neglect or refuse to pay such board or department the reasonable cost of maintaining such child when such father or mother is able to do so by reason of property, labor or earnings."

This provision does not specifically state an affirmative defense is available as provided for under R.C. 2919.21(B). Appellant argues this violates the Equal Protection Clause as "[t]here is no rational basis for the State to give persons whose children do not receive ADC an affirmative defense under a prosecution pursuant to Ohio Revised Code 2919.21(B), and yet deny that same defense to those persons whose children do receive ADC."

As we pointed out in *Meyer, supra,* courts must always indulge in a strong presumption in favor of the constitutionality of legislation. *Dayton* v. *S.S. Kresge Co.* (1926), 114 Ohio St. 624. Consequently, on review of statutory acts, a court is bound to give a constitutional rather than an unconstitutional construction if one is reasonably available. *United Air Lines, Inc.* v. *Porterfield* (1971), 28 Ohio St. 2d 97 [57 O.O.2d 288]. With this in mind we must disagree with appellant's argument.

R.C. 2901.05 provides in part:

"(C)  As used in this section, an 'affirmative defense' is either of the following:

"(1)  A defense expressly designated as affirmative;

"(2)  A defense involving an excuse or justification peculiarly within the knowledge of the accused, on which he can fairly be required to adduce supporting evidence."

As the trial judge properly concluded this code section is applicable to all criminal charges including R.C. 3113.06. In *State* v. *Wright* (1982), 4 Ohio App. 3d 291, the Seventh Appellate District was confronted with the same constitutional challenge to R.C. 3113.06 as presented in this matter. That court concluded that:

"* * * the lack of ability to pay maintenance costs is an excuse or justification peculiarly within the knowledge of the accused and on which he can fairly be required to adduce supporting evidence." *Id.* at 294.

The court therefore concluded it was an affirmative defense as defined under R.C. 2901.05(C)(2).

Although R.C. 3113.06 does not specifically enumerate an affirmative defense as does R.C. 2919.21(B), such a defense does exist via R.C. 2901.05(C)(2). Such a conclusion is reasonable and must be applied where, as here, a statutory act is being challenged on constitutional grounds. We therefore perceive no classification treating persons charged under R.C. 3113.06 differently from those charged under R.C. 2919.21 as appellant asserts.

Appellant's second assignment of error lacks merit and is hereby overruled.

In reviewing appellant's first assignment of error we keep in mind the fact that a reviewing court generally will not reverse a trial court verdict where there is substantial evidence upon which the trier of fact could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt. *State* v. *Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340]; *State* v. *DeHass* (1967), 10 Ohio St. 2d 230 [39 O.O.2d 366]. The record below reveals that appellant legitimized Aja Trinnette Jackson on October 4, 1979. At the time of the legitimization proceedings Phillip Jackson agreed to pay $20 per week for child support. He was then employed by Central State University as a cook in the cafeteria.

Appellant failed to make his first few

payments and was found in contempt in December 1979. He paid his arrearages, then began making sporadic payments during the following year, resulting once again in a citation for contempt. He was again in arrears and made a payment of $294 on December 22, 1980. At this point he had paid $1,034 and was still $226 in arrears. He then failed to make any payments whatsoever and was in arrears in the amount of $1,686 at the time the indictment was obtained.

Myra Lane, the mother of Aja Trinnette, began receiving ADC on March 9, 1979. She was initially receiving $120 per month. Upon the birth of Aja Trinnette, her payments were increased to $216 per month, an increase of nearly $100. The payments due to Lane from appellant were then to be applied to reimburse the Bureau of Support.

The record further reflects that appellant quit his job at Central State University in December 1980. He claims to have quit the job in order to re-enter the Army; however, he was subsequently rejected therefrom. Following his voluntary termination from employment in December 1980, his support payments ceased altogether. In 1981 the defendant worked part-time making somewhere between $750 and $1,500. He made a partial payment on a $400 water bill and fully paid a power and light bill in excess of $300. The defendant also repaid a $500 loan to the Central State University Credit Department in 1981. Throughout this time period appellant failed to make any support payments whatsoever.

Under this set of circumstances the jury could have reasonably concluded that the state did prove that Phillip Jackson had "neglected or refused" to pay the reasonable cost of support to the bureau as provided for in R.C. 3113.06. Appellant's argument that he would have made the payments had he the ability to do so is merely an affirmative defense on which the jury was to ascertain the merits. Although the jury was not instructed on the defense, it was not due to any error on behalf of the trial court. As an affirmative defense, it is incumbent upon appellant to request an instruction thereon. His failure to do so constitutes a waiver of his right to have the jury so charged. As there was adequate evidence to reasonably support the jury's findings, this court may not disturb the verdict below.

Appellant also argues that the verdict is against the weight of the evidence as the state failed to prove the reasonable cost of maintaining the child beyond a reasonable doubt. We are of the opinion that the determination as to the reasonableness of such costs should be made by the jury. See State v. Wright, supra. The record reveals Myra Lane's financial assistance from the Bureau of Support was increased from $120 to $216 per month after the birth of the subject child. In its attempts to be reimbursed the welfare department was merely seeking to recover the $80 per month upon which appellant was previously obligated under the support agreement. As such the jury could properly conclude that the $80 per month was reasonable, particularly in light of the fact that the welfare department was actually paying an amount far in excess of that which it was seeking to recover. Jurors are expected to rely upon their own common experiences and senses of reason when entering into deliberations. In so doing they could reasonably conclude that the $80 per month for which the welfare department sought recovery was a reasonable cost for maintaining the child. We therefore are of the opinion that this argument lacks merit.

Having concluded that the record supports the jury's verdict we hereby overrule appellant's first assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

WILSON and WEBER, JJ., concur.