The STATE of Ohio

v.

CLARK.

Trumbull County Court of Ohio,
Eastern District, Brookfield.

Nos. 9600971–A and 9600971–B.

Decided July 14, 1997.

*Kenneth Inskeep,* Trumbull County Assistant Prosecuting Attorney, for the state.

*James A. O'Brien,* for the defendant.

## On Motion to Dismiss.

Ronald James Rice, Judge.

This matter comes before the court on the defendant's motion to dismiss as filed on March 27, 1997. Both parties were granted time to file briefs on arguments of facts and law.

The defendant, Robert Clark, was arrested by the Ohio State Highway Patrol on November 30, 1996. The defendant was thereafter charged with operating a motor vehicle while under the influence of alcohol and/or a drug of abuse, and operating a motor vehicle with a prohibited breath-alcohol concentration, in violation of R.C. 4511.19(A)(1) and (3), respectively ("DUI"). In addition, the arresting officer, acting pursuant to the provisions of R.C. 4511.191, the implied-

consent statute, notified the defendant that he was being placed under an administrative license suspension ("ALS"), which had the effect of immediately stripping the defendant of his right to operate a motor vehicle in Ohio.

The defendant, through his legal counsel, has moved to dismiss the DUI charges. The defendant's motion to dismiss is based upon defendant's belief that the institution of this prosecution subjects defendant to the possibility of successive punishment. The defendant maintains that because he has already paid the $250 reinstatement fee and has had his license suspended for ninety days, he has already been punished by the state, and that any subsequent action by the state would create the possibility of double punishment for the same offense. Such a possibility, defendant claims, violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

The state for its part urges that the protection provided by the Fifth Amendment and Section 10, Articles I of the Ohio Constitution, which mirrors the United States Constitution's protection against double jeopardy, are inapplicable to the matter now before this court. In addition, the state maintains that the $250 license reinstatement fee does not serve as a punishment at all, but, rather, serves only as a remedial function of protection.

The issues this court must decide are as follows: (1) do the payment of a $250 license reinstatement fee and suspension of a license pursuant to R.C. 4511.191 constitute a punishment or are they remedial measures taken by the state? and (2) if the actual payment constitutes a punishment, is the state prohibited from bringing a subsequent criminal action against the defendant under the Double Jeopardy Clauses of the Ohio and the United States Constitutions?

A recent Ohio Supreme Court decision, *State v. Gustafson* (1996), 76 Ohio St.3d 425, 668 N.E.2d 435, addressed the issue of ALS constituting double jeopardy. The defendants in *Gustafson* were charged with driving under the influence of intoxicating substances and automatically had their licenses suspended pursuant to R.C. 4511.191. The defendants argued the automatic license suspension constituted a punishment and the state was therefore barred from bringing any subsequent prosecutions under the Double Jeopardy Clauses of the Ohio and United States Constitutions.

The *Gustafson* court held that because an ALS is remedial in purpose, the automatic license suspension did not subject the defendants to a criminal trial in the first instance and therefore double jeopardy did not apply. Furthermore, the court cited Rudstein, Civil Penalties and Multiple Punishment Under the Double Jeopardy Clause: Some Unanswered Questions (1993), 46 Okla.L.Rev. 587, 602–603, which stated, " '[U]nder the Supreme Court's holding in [*United States v. Halper* (1989), 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487], the government is entitled to convict and punish an individual in a criminal prosecution and also

impose a penalty upon her in a separate civil proceeding, even though both sanctions are based upon the same conduct.'" *Gustafson*, 76 Ohio St.3d at 437, 668 N.E.2d at 444.

However, the *Gustafson* court recognized that sanctions may be imposed in two separate hearings, one criminal and one civil, the civil hearing being limited to imposing remedial sanctions on the defendant. However, if the sanction goes beyond a remedial measure, it may become a punishment and the Double Jeopardy Clauses of the Ohio and United States Constitutions bar any subsequent sanctions.

The *Gustafson* court determined that "[s]hort-term [license] suspensions of a reasonable duration of time may 'fairly be characterized as remedial' within the double jeopardy framework established by *Halper*." *Gustafson*, 76 Ohio St.3d at 440, 668 N.E.2d at 447. The court found that the remedial measure of R.C. 4511.191 is to prevent dangerous drivers from being on the road and presenting a danger to society. The act of suspending the driver's license of a person suspected of DUI serves this purpose, thereby avoiding the double jeopardy problem.

■ Following the above reasoning, this court finds now, as it has in the past, that an ALS pursuant to R.C. 4511.191 is a remedial action and does not subject the defendant to double jeopardy. The license suspension by itself in this case is not excessive, in light of the fact that the defendant's license could have been suspended for over a year or even several years depending on whether the defendant had any prior convictions for DUI in the past six years. Defendant's license was suspended for ninety days; this is a short and reasonable time. Thus, the suspension has not crossed the line into punishment, as promulgated by the Supreme Court in *Gustafson*.

■ Defendant's counsel argues that even if this court finds that the state may prosecute the defendant after he has served the ALS, the state is barred from seeking further sanctions because the payment of the $250 reinstatement license fee is not a remedial measure, but a punishment. Therefore, the defendant argues, since the payment of the reinstatement fee prior to trial constitutes a punishment, the Double Jeopardy Clauses of the Ohio and United States Constitutions prohibit subsequent prosecution by the state.

This argument distinguishes this case from *Gustafson*. In *Gustafson*, the defendants did not in fact pay the $250 license reinstatement fee and the specific issue was not ruled upon by the Supreme Court. Therefore, this court must look to other sources of authority to determine if the $250 fee imposed pursuant to R.C. 4511.191(L) constitutes a punishment, thereby barring any subsequent state sanctions against the defendant.

■ In order for the court to rule a specific part of the implied-consent legislation unconstitutional it must appear that there is a clear conflict between the legislation and the Constitution. *Dayton v. S.S. Kresge Co.* (1926), 114 Ohio St. 624, 151 N.E. 775, affirmed (1927), 275 U.S. 505, 48 S.Ct. 156, 72 L.E. 396; *State v. Jackson* (1983), 13 Ohio App.3d 416, 13 OBR 503, 469 N.E.2d 872. It is the obligation of the judiciary to support the enactment of a law-making body if it can be done. *Springfield v. Hurst* (1944), 144 Ohio St. 49, 28 O.O. 569, 56 N.E.2d 185. Further, a court is "bound to give a constitutional rather than an unconstitutional construction if one is reasonably available." *United Air Lines, Inc. v. Porterfield* (1971), 28 Ohio St.2d 97, 100, 57 O.O.2d 288, 290, 276 N.E.2d 629, 632.

■ In order to successfully challenge the constitutionality of the statute as raised by the defendant, the defendant must negate every reasonable, conceivable basis which might support the statute, and must be able to point out the particular provision that has been violated, as well as the ground for the violation. *State v. Perry* (1972), 29 Ohio App.2d 33, 37, 58 O.O.2d 25, 27, 278 N.E.2d 50, 54. The repugnancy between the statute and the Constitution must be direct, beyond a reasonable doubt, clear, plain and substantial. *Id.*

■ The court in reviewing the constitutionality of the implied-consent statute is only looking to the $250–reinstatement–fee portion of the statute as it deals with DUI prosecutions and double jeopardy. The implied consent statute as it applies to license suspensions and double jeopardy has been held constitutional by the Supreme Court of Ohio. *State v. Gustafson, supra,* 76 Ohio St.3d 425, 668 N.E.2d 435. However, the part of the statute dealing with the $250 reinstatement fee, if paid, and double jeopardy has not been addressed. In this case the $250 reinstatement fee was paid by the defendant prior to trial. Whether one portion of a statute is severable from the rest depends on its connection to and dependence on the other provisions. *State ex rel. McNeal v. Dombaugh* (1870), 20 Ohio St. 167. This court believes that the provisions of the implied-consent statute relating to the $250 reinstatement fee can be separated from the pretrial ALS provisions.

In the recent United States Supreme Court case of *United States v. Halper* (1989), 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487, the court held that "in determining whether a particular civil sanction constitutes a criminal punishment, it is the purposes actually served by the sanction in question, not the underlying nature of the proceeding giving rise to the sanction, that must be evaluated." *Id.* at 447, 109 S.Ct. at 1901, 104 L.Ed.2d at 501, at fn. 7. Further, the court, citing *Bell v. Wolfish* (1979), 441 U.S. 520, 539, 99 S.Ct. 1861, 1874, 60 L.Ed.2d 447, 468, fn. 20, stated, " 'Retribution and deterrence are not legitimate nonpunitive governmental objectives.' " *Id.* at 448, 109 S.Ct. at 1902, 104 L.Ed.2d at 502. "[I]t follows that a civil sanction that cannot fairly be said *solely* to serve a

remedial purpose, but rather can *only* be explained as also serving either retributive or deterrent purposes, is punishment, as we have come to understand the term." (Emphasis added.) *Id.*

Following this holding by the *Halper* court, if the purpose of the $250 license reinstatement fee is to punish, to be retributive, or to act as a deterrent, the state will be prohibited from seeking further sanctions against the defendant because of the Double Jeopardy Clauses of the Ohio and United States Constitutions.

The license reinstatement fee is distributed, pursuant to R.C. 4511.191(L), by the state of Ohio in the following manner:

(1) $ 75 goes to the Drivers' Treatment and Intervention Fund to pay the costs of programs operated under R.C. 3793.02 and R.C. 3793.10.

(2) $ 50 goes to the Reparations Fund created by R.C. 2743.191.

(3) $ 25 goes to the Indigent Drivers Alcohol Treatment Fund.

(4) $ 50 goes to the Ohio Rehabilitation Services Commission established by R.C. 3304.12.

(5) $ 50 goes to the state treasury for the Drug Abuse Resistance Education Program Fund.

It is clear that none of the money actually goes to reinstating the defendant's driver's license. The money is distributed to state programs that bear no rational relationship whatsoever to the defendant's getting his license reinstated. The purpose of the license reinstatement fee appears clear to this court to be punishment more than a license reinstatement fee.

This appearance of the fee being a punishment becomes clearer when one examines the actual cost to get an Ohio driver's license. In the state of Ohio, the cost for a new license is $10.75. If the license is lost or destroyed, a duplicate license can be obtained for $6.25. These charges are entirely disproportionate to the $250 cost the state imposes on drivers whose licenses have been suspended pursuant to R.C. 4511.191.

The disproportionate license reinstatement fee imposed on drivers via R.C. 4511.191(L) and the fact that none of the $250 is used by the Bureau of Motor Vehicles to reinstate the license of the driver whose license has been suspended compel this court, using the definition of punishment in *Halper*, to find that the license reinstatement fee in R.C. 4511.191(L) is nothing more than a punishment. Since the license reinstatement fee is a punishment, and the defendant in this case paid the fine prior to trial, he has been punished. Therefore, under the Double Jeopardy Clauses of the Ohio and United States Constitutions the state is barred from seeking subsequent sanctions against this defendant from the circumstances that gave rise to this action.

The finding of this court is supported indirectly by *Gustafson*. The *Gustafson* court held the ALS should be terminated once the defendant was convicted of violating R.C. 4511.19. The continuation of an administrative punishment after the defendant has been found guilty and received a criminal punishment would violate the defendant's rights against multiple punishments for the same crime.

Following this reasoning it is clear that since the defendant paid the $250 reinstatement fee, which is a punishment, the state cannot seek further sanctions against him. To do so would punish the defendant twice for the same crime, violating the holding in *Gustafson*, as well as the defendant's constitutional rights.

## CONCLUSIONS OF LAW

Upon thorough review of all of the facts and circumstances presented, the court finds that the payment of the ALS reinstatement fee of $250 by the defendant necessitates a finding that the sanction imposed on the defendant by the state through the Ohio Bureau of Motor Vehicles was a punishment for purposes of double jeopardy.

## JUDGMENT ENTRY

Upon due consideration, the court finds that the defendant's motion to dismiss is well taken. The DUI charges against defendant are therefore dismissed.

*Motion granted*
*and cause dismissed.*