Appellant Lauren M. Weigand appeals from her conviction in the Medina Municipal Court. We affirm.
A complaint against Weigand was filed in the Medina Municipal Court on December 22, 1998. The complaint alleged that at approximately 4:00 a.m. on December 21, 1997, while driving on State Route 18 in Medina County, Ohio, Weigand performed an illegal U-turn, in violation of R.C. 4511.12, and was operating a motor vehicle under the influence of alcohol or a drug of abuse, in violation of R.C. 4511.19(A)(1). Weigand refused to submit to a breath alcohol test, and an administrative license suspension was imposed. Weigand pleaded not guilty to the charges. On January 20, 1998, Weigand moved to dismiss the operating under the influence charge, contending that prosecution was barred as a violation of double jeopardy because she had paid a reinstatement fee for the administrative license suspension.
Weigand contends that the trial court held a hearing on her motion to dismiss on February 12, 1998. She asserts that at that hearing, the trial court granted her motion to dismiss and accepted a guilty plea on the traffic violation. Weigand also contends that the trial court recorded its actions in a court file, dating and initialing next to the notations.
On February 18, 1998, the trial court filed an order entitled "judgment entry." In this order, the trial court stated that it was overruling Weigand's motion to dismiss and that it was withdrawing Weigand's guilty plea on the traffic violation. Thereafter, Weigand pleaded no contest to the operating under the influence charge and entered a guilty plea to the traffic violation. The trial court sentenced her accordingly. This appeal followed.
Weigand asserts two assignments of error. We note that no transcript of the hearing alleged to have been held on February 12, 1998, is before us. We also fail to find in the record any evidence that Weigand actually paid an administrative license suspension reinstatement fee, other than Weigand's assertion that she did so. While this court may disregard assignments of error if the record is insufficient, we will address Weigand's assignments of error in the interests of justice.
 I. The trial court erred to the prejudice of the appellant where it entered a final judgment in favor or [sic] the appellant on appellant's motion to dismiss on grounds of double jeopardy and later, after discharging the appellant, reconsidered its own final judgment and entered an order purporting to deny the appellant's motion.
In her first assignment of error, Weigand argues that the trial court erred by overruling her motion to dismiss after the court had granted her motion. We disagree.
In State ex rel. White v. Junkin (1997), 80 Ohio St.3d 335, the Ohio Supreme Court considered the issue of whether a judge's notation in a case file jacket constitutes a final judgment. The court held that in order for such handwritten notations to rise to the level of a final judgment, the court's action must be journalized. Id. at 337.
In the case at bar, the record contains a certified copy of a sheet entitled "COURT ACTION." On this sheet appear handwritten notations to the effect that the trial court was dismissing the operating under the influence charge on February 12, 1998. However, no journalized entry reflects this pronouncement. We find that the trial court did not err because the court's actions were not journalized. A court may speak only through its journal and not through other pronouncements. See id. Therefore, the trial court did not speak as to Weigand's motion to dismiss until the order denying the motion was journalized on February 18, 1998. Accordingly, Weigand's first assignment of error is overruled.
 II. The trial court committed error prejudicial to the appellant in denying appellant's motion to dismiss where the appellant had already been punished for the same conduct.
In her second assignment of error, Weigand argues that the trial court should have granted her motion to dismiss on double jeopardy grounds. Weigand contends that because the payment of her administrative license suspension reinstatement fee was punishment, prosecution for the same conduct under R.C.4511.19(A)(1) would violate her constitutional right to be free from double jeopardy. We disagree.
In State v. Burkhardt (May 14, 1997), Summit App. Nos. 18055/18077, unreported, at 3, this court held that the imposition of a criminal sanction after the payment of an administrative license suspension reinstatement fee does not violate the Double Jeopardy Clause. Weigand recognizes our holding in Burkhardt but argues that we should instead adopt a contrary position, as found in State v. Clark (Cty.Ct. 1997),86 Ohio Misc.2d 105. We reject Weigand's invitation and adhere to Burkhardt. Therefore, the trial court did not err by denying Weigand's motion to dismiss. Accordingly, Weigand's second assignment of error is overruled.
Weigand's assignments of error are overruled. The judgment of the Medina Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Medina Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ----------------- JOHN W. REECE FOR THE COURT
DICKINSON, J., CONCURS