OPINION
Samir Hmidan appeals from his conviction and sentence on one count of improper handling of a firearm in a motor vehicle, R.C.2923.16, and one count of reckless operation, R.C. 4511.20.
On November 27, 1997, around 9:30 p.m., Sergeant Gary Drummer of the Montgomery County Sheriff's office was on patrol in the area of Whipp Road and State Route 48 in Washington Township when he observed a black Pontiac Firebird pull out of a Shell gas station onto State Route 48. The Firebird accelerated rapidly to speeds of seventy-five miles per hour and was weaving from lane to lane. Other vehicles traveling in the same direction had to swerve out of their way to avoid colliding with the Firebird.
Sgt. Drummer stopped the Firebird, which was driven by Defendant, Samir Hmidan. Defendant told Sgt. Drummer that he was driving erratically because he was upset over a fight he had just had with his wife, or ex-wife. Because the Firebird was not properly licensed, Sgt. Drummer advised Defendant that the vehicle would be impounded. Sgt. Drummer issued Defendant a citation for reckless operation and instructed Defendant that he was free to leave. Defendant proceeded to walk away from the scene.
Sgt. Drummer conducted a routine inventory search of the vehicle prior to ordering it towed. He discovered a nine millimeter handgun under the front passenger seat. In the center console, Sgt. Drummer discovered a magazine for the gun containing ten live rounds of ammunition.
Sgt. Drummer went to Defendant's residence and questioned Defendant about the gun. Defendant told Sgt. Drummer that both the vehicle and the gun belonged to his brother. Defendant indicated that the gun was kept in the car for protection because he worked at several convenience stores owned by his brother and transported deposits in the car. Defendant indicated, however, that he had not worked that day, that he did not have a large sum of money in his possession that he was taking to the bank that day, nor had he made any bank deposits earlier that day. As a result of those statements, Sgt. Drummer arrested Defendant for improper handling of a firearm in a motor vehicle, R.C.2923.16(C).
On March 25, 1998, the matter proceeded to trial in Kettering Municipal Court. Defendant was subsequently found guilty as charged on both offenses, and was sentenced according to law.
Defendant has timely appealed to this court from his convictions and sentences, presenting three assignments of error for our review.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY FAILING TO FULLY INSTRUCT THE JURY OF ITS DUTY TO ACQUIT IF IT FOUND THAT APPELLANT PROVED THE AFFIRMATIVE DEFENSE BY A PREPONDERANCE OF THE EVIDENCE; ACCORDINGLY THE FIREARM CONVICTION SHOULD BE REVERSED.
Defendant Hmidan was charged with improper handling of a firearm in a motor vehicle, in violation of R.C. 2923.16(C). Division (E) of that section provides that the affirmative defenses in R.C. 2923.12(C)((1) and (2) apply to the charge. R.C.2923.12(C)(1) states:
 (C) It is an affirmative defense to a charge under this section of carrying or having control of a weapon other than dangerous ordnance, that the actor was not otherwise prohibited by law from having the weapon, and that any of the following apply:
 (1) The weapon was carried or kept ready at hand by the actor for defensive purposes, while the actor was engaged in or was going to or from the actor's lawful business or occupation, which business or occupation was of such character or was necessarily carried on in such manner or at such a time or place as to render the actor particularly susceptible to criminal attack, such as would justify a prudent person in going armed.
Defendant complains that the trial court's instructions to the jury on the affirmative defense were incomplete. Defendant asserts that the trial court erred by failing to adhere to the pattern jury instructions found in 4 Ohio Jury Instructions Section 413.05(A)(2), specifically instructing the jury that they must find Defendant not guilty if Defendant proved the affirmative defense.
At the outset we note that this issue has not been preserved for appellate review because Defendant failed to object to the trial court's jury instructions. Crim.R. 30(A). Accordingly, any error in those jury instructions has been waived unless such rises to the level of "plain error." State v. Underwood (1983), 3 Ohio St.3d 12. Courts must exercise the utmost caution in finding plain error, and should invoke that rule only in exceptional circumstances to avoid a manifest miscarriage of justice. Statev. Long (1978), 53 Ohio St.2d 91. Plain error does not exist unless it can be said that but for the error the outcome of the trial clearly would have been otherwise. State v. Wickline
(1990), 50 Ohio St.3d 114.
In giving its instruction to the jury on Defendant's affirmative defense claim, the court stated:
 The Defendant is asserting an affirmative defense. That is that he is in a type of business that permits him to transport a firearm in a manner different than described by statute. The burden of going forward with the evidence and proving an affirmative defense is placed, by law, upon the Defendant. He must establish such a defense by a preponderance of the evidence.
* * *
 If the weight of the evidence is equally balanced, or if you are unable to determine which side of an issue has the preponderance, then the Defendant has not established such an affirmative defense. If the Defendant fails to establish a defense, the State must still prove to you beyond a reasonable doubt all the essential elements of the offense charged.
* * *
 If you find that the State has failed to prove beyond a reasonable doubt any one of the essential elements of the offense charged, then your verdict must be not guilty. If you find that the State has established beyond a reasonable doubt, all of the essential elements of the offense charged, and you find that the Defendant has failed to establish his affirmative defense by a preponderance of the evidence, then your verdict must be guilty.
(T. 118-120).
The instruction the court gave fails to inform the jury that it must find the Defendant not guilty if it finds that he proved his affirmative defense. The omission left the jury uninformed as to how proof of the affirmative defense operates in relation to the verdict which that proof requires. We agree that the court erred in giving an instruction that was incomplete. However, when instruction error is waived, the verdict will be affirmed where there was adequate evidence to support the jury's findings. Statev. Jackson (1983), 13 Ohio App.3d 416.
R.C. 2923.12(C)(1) creates an affirmative defense for carrying a concealed weapon, or, as in this case, improper handling of a firearm in a motor vehicle, "while the actor was engaged in or was going to or from the actor's lawful business or occupation." Defendant claimed that he used the firearm for protection in his business or occupation, but there is no evidence that he was engaged in his business or occupation or was going to or from it while he carried the firearm in his vehicle on the occasion when he was stopped by Sgt. Drummer. Therefore, even had a proper instruction been given, the jury could not reasonably have applied the affirmative defense on which Defendant relied in order to find him not guilty.
The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 THE CONVICTION FOR IMPROPERLY HANDLING A FIREARM IN A MOTOR VEHICLE SHOULD BE REVERSED BECAUSE IT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Sufficiency of the evidence and weight of the evidence are distinct concepts to which different legal tests apply. State v.Thompkins (1997), 78 Ohio St.3d 380; State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported.
 "Sufficiency" of the evidence refers to its logical capacity to demonstrate both the criminal conduct and the culpable mental state that the alleged criminal liability requires. The test is whether all or some part of the evidence that was admitted in the trial would, if believed, convince the average mind beyond a reasonable doubt that the defendant is guilty of committing the offense charged. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "Weight" of the evidence refers to the inclination of the greater amount of the credible evidence presented in a trial to prove the issue established by the verdict that was reached. State v. Thompkins (1997), 78 Ohio St.3d 380. The test is whether that evidence is capable of inducing belief in its truth, and whether those truths preponderate in favor of the verdict according to the applicable burden of proof. Id.
State v. Bradley (Oct. 2, 1997), Champaign App. No. 97-CA-03, unreported, at 7.
A weight of the evidence argument challenges the believability of the evidence; which of the competing inferences suggested by the evidence is more believable or persuasive. Statev. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983), 20 Ohio App.3d 172, 175:
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the factfinder lost its way.Bradley, supra.
Defendant does not allege that the State failed to prove all of the essential elements which make up a violation of R.C.2923.16(C). Rather, Defendant argues that because he presented strong evidence in support of the affirmative defense set forth in R.C. 2923.12(C)(1), the jury's guilty verdict is against the manifest weight of the evidence.
Through the testimony of both his brother and himself, Defendant presented evidence that he worked at his brother's convenience stores and that it was Defendant's job to collect the money taken in by the stores and deposit it into the bank. Some of the stores were located in high crime areas, and Defendant carried a gun when traveling to and from the stores, performing his job duties. According to Defendant, on the night he was stopped by Sgt. Drummer he was returning home from one of his brother's businesses and was transporting a large quantity of money at that time.
On the issue of affirmative defense, however, the testimony of Sgt. Drummer completely contradicts Defendant's testimony. According to Sgt. Drummer, Defendant denied that he had worked at any of his brother's stores or was returning home when he was stopped. Defendant further denied that he was transporting a large sum of money, or that he had already made or was planning to make a large deposit at the bank that day.
With respect to the affirmative defense in this case, the facts are clearly in dispute and credibility of the witnesses was an issue for the trier of fact to resolve.
State v. DeHass (1967), 10 Ohio St.2d 230. The decision by the factfinder as to which testimony to credit and to what extent is entitled to great deference. State v. Lawson (August 22, 1997), Montgomery App. No. 16288, unreported. On this record as a whole we cannot say that the evidence weighs heavily against a conviction, that the jury as factfinder lost its way, or that a manifest miscarriage of justice has resulted. State v. Martin,supra. Therefore, we cannot find that the guilty verdict is against the manifest weight of the evidence.
The second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT FAILED TO ALSO INSTRUCT THE JURY UNDER THE ALTERNATIVE AFFIRMATIVE DEFENSE CONTAINED IN R.C. 2923.12(C)(2).
Defendant sought to prove the affirmative defense in R.C.2923.12(C)(1). Defendant argues in this assignment of error that the trial court should have also instructed the jury on the affirmative defense in R.C. 2923.12(C)(2), which creates an affirmative defense if
 [t]he weapon was carried or kept ready at hand by the actor for defensive purposes, while the actor was engaged in a lawful activity and had reasonable cause to fear a criminal attack upon the actor or a member of the actor's family, or upon the actor's home, such as would justify a prudent person in going armed.
Defendant neither requested a jury instruction in accordance with R.C. 2923.12(C)(2) nor did he object to the trial court's failure to give one. Accordingly, any error in failing to give such an instruction has been waived unless the error rises to the level of "plain error." Crim.R. 30; State v. Underwood, supra;State v. Wickline, supra. Plain error does not exist unless it can be said that but for the error the outcome of the trial clearly would have been otherwise. State v. Wickline, supra.
The affirmative defenses in R.C. 2923.12(C) both involve a defensive purpose, but they differ in the causes concerned. The (C)(1) affirmative defense is situational, and involves employment which, in its time, place, or circumstance, renders the actor particularly susceptible to criminal attack. Examples may be a driver or guard on a truck transporting large amounts of currency to and from banks, or an employee in a retail business that is located in a high-crime area. The (C)(2) affirmative defense, on the other hand, involves some particular danger or threat of criminal attack that is both specific and immediate, but no particular situation giving rise to the threat is required to create the defense.
Defendant concedes that he never attempted to prove the affirmative defense in R.C. 2923.12(C)(2). The only evidence he offered was that he transported cash to and from high crime areas. That assertion implicates the (C)(1) affirmative defense. However, it does not portray a threat of criminal attack of a specific and immediate nature required for the (C)(2) affirmative defense. Accordingly, the trial court did not commit error, much less "plain error," in failing to instruct the jury on the affirmative defense in R.C. 2923.12(C)(2). Moreover, because the evidence presented does not fairly raise an issue concerning the defense in R.C. 2923.12(C)(2), defense counsel did not violate an essential duty to his client by failing to request such an instruction. State v. Bradley (1989), 42 Ohio St.3d 136.
The third assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, J. and YOUNG, J., concur.