OPINION
On June 12, 1997, appellant was arrested for driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1), driving with a prohibited breath alcohol concentration, in violation of R.C. 4511.19(A)(3), and speeding, in violation of R.C. 4511.21(C). On June 13, 1997, appellant entered a plea of not guilty and was placed under an administrative license suspension ("ALS"). On July 16, 1997, appellant moved to continue the pretrial set for July 24, 1997. The trial court granted a continuance and set the pretrial for August 28, 1997. At the pretrial, appellant's attorney signed a pre-trial report with a box checked next to the following waiver: "Defendant hereby waives the statutory time limits of Ohio Revised Code Section 2945.71."
A trial date was then set for September 22, 1997. On September 19, 1997, appellant filed a motion to continue the trial and included another waiver, which stated: "Defendant hereby waives the statutory time limits prescribed in Section 2945.71
with respect to this continuance." On October 16, 1997, appellant filed a motion to suppress, which was set for hearing on December 12, 1997. On November 10, 1997, the State moved to continue the suppression hearing to a later date because the arresting officer, the State's only witness, would be unavailable due to S.W.A.T. training. The trial court granted the State's motion for continuance and reset the suppression hearing for January 21, 1998.
On January 14, 1998, the State again moved to continue the suppression hearing because of the unavailability of the arresting officer. The trial court granted the State's continuance and reset the suppression hearing for April 2, 1998. On April 2, 1998, the trial court held the suppression hearing. Before the hearing, appellant moved to dismiss, claiming that the doctrine of double jeopardy bars further punishment for the offense of driving with a prohibited breath alcohol concentration because appellant had already paid a $250 license reinstatement fee. The trial court denied both the motion to suppress and the motion to dismiss and set a trial date for June 2, 1998. On May 26, 1998, the State filed a motion to continue the trial due to the unavailability of the arresting officer. The trial court granted the State's motion and reset the trial for July 23, 1998. On July 23, 1998, appellant and his counsel failed to appear for trial. The next day, appellant moved to dismiss, claiming a violation of his statutory speedy trial rights. The trial court denied appellant's motion to dismiss, and then appellant pleaded no contest to driving with a prohibited breath alcohol concentration, in violation of R.C. 4511.19(A)(3). The court dismissed the other counts. From this judgment, appellant assigns the following errors:
 "[1.] The trial court erred in overruling defendant's motion to dismiss on the grounds of double jeopardy in violation of the Ohio and U.S. Constitutions.
 "[2.] The trial court erred in overruling defendant-appellant's motion to dismiss upon the state's failure to comply with the provisions of R.C. 2945.71
and 2945.73 Ohio Revised Code (Speedy Trial)."
In his first assignment of error, appellant alleges that the trial court erred by denying his motion to dismiss on the grounds of double jeopardy. Appellant contends that because he paid a $250 fee pursuant to R.C. 4511.191(L) to reinstate his driver's licence after his adminstrative license suspension, the doctrine of double jeopardy bars further punishment for the offense of driving with a prohibited breath alcohol concentration. Appellant urges this court to follow State v. Clark (1997), 86 Ohio Misc.2d 105,685 N.E.2d 866, an opinion by the Trumbull County Court, Eastern Division, holding that a person who pays a license reinstatement fee after an ALS has ended cannot subsequently be sentenced for a violation of R.C. 4511.19.
In City of Warren v. Schrock (Nov. 20, 1998), Trumbull App. No. 97-T-0176, unreported, we refused to follow Clark and held that the payment of a $250 license reinstatement fee does not constitute a "punishment" for double jeopardy purposes, as we had previously held in State v. Hlavin (Jan. 19, 1996), Geauga App. No. 95-G-1912, unreported. Because double jeopardy does not bar the prosecution for a violation of R.C. 4511.19 after an offender pays a license reinstatement fee, the trial court did not err by denying appellant's motion to dismiss. Appellant's first assignment of error has no merit.
In his second assignment of error, appellant alleges that the trial court erred by denying his motion to dismiss for failure to comply with the speedy trial provisions of R.C. 2945.71. Appellant contends that his speedy trial rights were violated because he was not brought to trial within ninety days as required by R.C. 2945.71(B)(2); however, appellant fails to mention the waiver that his attorney signed on August 28, 1997. By agreeing to "waive the statutory time limits of Ohio Revised Code Section2945.71," appellant's attorney waived appellant's right to a speedy trial. "A defendant's right to be brought to trial within the time limits expressed in R.C. 2945.71 may be waived by his counsel for reasons of trial preparation and the defendant is bound by the waiver even though the waiver is executed without his consent." State v. McBreen (1978), 54 Ohio St.2d 315,376 N.E.2d 593, at syllabus. The Ohio Supreme Court has held that:
 "Following an express, written waiver of unlimited duration by an accused of his right to a speedy trial, the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and a demand for trial, following which the state must bring the accused to trial within a reasonable time." State v. O'Brien (1987), 34 Ohio St.3d 7, 516 N.E.2d 218, paragraph two of the syllabus.
In City of Eastlake v. Hayward (Dec. 10, 1993), Lake App. No. 93-L-076, unreported, this court followed O'Brien and held that an attorney's unlimited waiver of his client's speedy trial rights remains effective until a written objection to any further continuance is filed and a demand for trial is made. Like appellant's attorney, Hayward's attorney did not specifically state why he was waiving the statutory trial time. In the instant case, appellant did not object to the State's continuances and did not demand to be brought to trial. We cannot conclude that the second time waiver filed by appellant's attorney, stating that "[d]efendant hereby waives the statutory time limits prescribed in Section 2945.71 with respect to this continuance," put the trial court on notice that appellant was reasserting his speedy trial rights; therefore, the trial court reasonably relied on the initial waiver. Because appellant's speedy trial rights were effectively waived by his attorney on August 28, 1997, the trial court did not err by denying appellant's motion to dismiss for failure to comply with R.C. 2945.71. Appellant's second assignment of error has no merit.
For the foregoing reasons, the judgment of the Portage County Municipal Court is affirmed.
CHRISTLEY, P.J., dissents with dissenting opinion,
O'NEILL, J., concurs.