**The STATE of Ohio, Appellee,**

**v.**

**HARTMAN, Appellant.**

[Cite as *State v. Hartman* (1998), 130 Ohio App.3d 645.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–971035.

Decided Dec. 4, 1998.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Philip R. Cummings,* Assistant Prosecuting Attorney, for appellee.

*Douglas M. Mansfield,* for appellant.

GORMAN, Judge.

The defendant-appellant, Sally Hartman, appeals from her conviction for assault in violation of R.C. 2903.13(B). In her six assignments of error she challenges the weight and sufficiency of the evidence supporting her conviction, the decision of the trial court to charge the jury on misdemeanor assault when she was indicted on the charge of felonious assault, the order of the court requiring restitution for medical expenses, the failure of the trial court to repeat the jury instructions on credibility, and certain alleged *ex parte* communications between the judge and jury. Because we hold that the trial court erred in charging the jury on the lesser included offense of misdemeanor assault, we reverse.

As a result of a physical altercation at a bar, Hartman was indicted on two counts of felonious assault under R.C. 2903.11(A)(1) and (2). Under these sections, she was charged alternatively with knowingly causing serious physical harm or with causing or attempting to cause physical harm with a deadly weapon. The deadly weapon in this instance was a beer bottle, which the prosecuting witness, Sandra Lynch, claimed that Hartman used to beat her on the head.

At trial, there were several witnesses but essentially only two versions of the fight. According to Lynch and her friend, Hartman, beer bottle in hand, instigated the fight by approaching Lynch and saying, "Well, bitch, are we going to do this now or later?" before tackling her and striking her multiple times with the beer bottle. According to Hartman and her friend, Lynch started the fight by taunting Hartman and then jumping up from her seat and striking her with a beer bottle. The question at trial was essentially who attacked whom.

At the close of the evidence, the state requested and received a jury instruction on misdemeanor assault—"recklessly causing serious physical

harm"—under R.C. 2903.13(B). For the purposes of this discussion, it is sufficient to note that this court has held that misdemeanor assault under this section constitutes a lesser included offense of felonious assault under R.C. 2903.11(A)(1). *State v. Davis* (June 21, 1989), Hamilton App. No. C–880283, unreported, 1989 WL 65744. The issue here, however, is whether the charge was warranted on the evidence presented. In order for this to be so, the evidence must "reasonably support" the conclusion that Hartman, on the assumption that she assaulted Lynch, acted recklessly rather than knowingly. *State v. Thomas* (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph two of the syllabus, clarifying *State v. Kidder* (1987), 32 Ohio St.3d 279, 513 N.E.2d 311; *State v. Davis* (1983), 6 Ohio St.3d 91, 6 OBR 131, 451 N.E.2d 772.

According to statute, a person acts recklessly when he or she "perversely disregards a known risk that [his or her] conduct is *likely* to cause a certain result or is *likely* to be of a certain nature." (Emphasis added.) R.C. 2901.22(C). In comparison, a person acts knowingly when he or she proceeds knowing that his or her conduct will "probably" cause a certain result or will "probably" be of a certain nature. R.C. 2901.22(B).

Theoretically, a person who acts knowing that something is probable also acts knowing the risk that it is likely. That does not mean, however, that a jury is free to find that a person charged with knowing behavior acted only recklessly when there is no evidence to support that conclusion. To illustrate, a jury is not free to find a person charged with shooting another at point-blank range guilty of reckless behavior when the sole evidence is that the person took aim and deliberately fired, intending to inflict serious physical injury. A defense attorney seeking a charge on reckless assault in such a situation would be properly rebuffed just as would a prosecutor.

In its brief, the state concedes that "[t]he state, indeed, presented only evidence that [Hartman] knowingly hit Ms. Lynch with a beer bottle multiple times." Further, the state concedes that Hartman testified that she acted only in self-defense. However, the state argues that there was evidence that Hartman acted recklessly based on her own testimony in which she admitted that she (1) approached Lynch after Lynch taunted her, (2) grabbed Lynch's shirt, (3) ran and crashed into a wall with Lynch as they scuffled, and (4) fell to the floor on top of Lynch.

With regard to the state's argument, Hartman indeed testified that she approached Lynch after Lynch taunted her. Merely approaching someone, however, does not constitute an assault. Furthermore, although she testified that she grabbed Lynch's shirt, Hartman testified that she did so only *after* Lynch had stood up and hit her in the jaw with the beer bottle. Similarly, her testimony concerning the two of them striking the wall and her falling on top of Lynch was

part of a description of what happened after Lynch allegedly struck her on the jaw.

The state argues that a jury is free to accept all or part of a witness's testimony. While this is true, the jury cannot compromise the truth by taking two versions of a fight and creating a third version. None of the witnesses described a fight in which Hartman recklessly, as opposed to knowingly, assaulted Lynch. From the evidence presented, the jury could only conclude that Hartman either attacked Lynch knowingly or was knowingly attacked by her. If the latter was so, the jury could not find Hartman guilty of reckless assault simply because she grabbed Lynch's shirt and fell to the floor on top of her as part of a struggle to defend herself after Lynch had already assaulted her with a beer bottle.

■ We hold, therefore, that the trial court erred by instructing the jury on misdemeanor assault under R.C. 2903.13(B). Because the jury acquitted Hartman of felonious assault, the only charge that she could have been found guilty of on the evidence presented, double jeopardy bars her from being reprosecuted. *State v. Peek* (1996), 110 Ohio App.3d 165, 673 N.E.2d 938. Accordingly, the judgment of the trial court is reversed, and Hartman is discharged from further prosecution under the indictment. Her five remaining assignments of error are not addressed, as they are rendered moot.

*Judgment reversed*
*and appellant discharged.*

SUNDERMANN, P.J., and PAINTER, J., concur.