OPINION
Appellant, Frank Wagner, appeals from his January 15, 1999, conviction in the Lake County Court of Common Pleas on two counts of felonious assault, second degree felonies, in violation of R.C. 2903.11. The convictions were merged for purposes of sentencing and appellant was sentenced to serve four years in prison. The following facts are relevant to a determination of this appeal.
On March 26, 1998, appellant and his friend, Bobby Evans, went to the Olde Towne Tavern in Kirtland, Ohio, at approximately 1:30 p.m. Later, at approximately 4:00 p.m., Dean Hadden met a friend of his, Mike Cavallaro, at the Olde Towne Tavern for the purpose of having a drink after work. The four men found themselves seated next to each other at the otherwise nearly empty bar. Appellant had consumed approximately five or six glasses of wine, and Dean Hadden was drinking his second beer when a fight broke out between the two men. Appellant and Hadden disputed who started the fight, but it is clear that Hadden suffered more injuries including a hairline fracture of his skull and a long cut across his forehead. Hadden claimed that the cut was the result of appellant using a broken wineglass as a weapon, while appellant denied the allegation and surmised that Hadden must have sustained the injuries when he slipped and hit his head on the foot ledge at the bottom of the bar. Appellant suffered a small cut on his chin during the fracas.
Once the fight was broken up by an employee of the Olde Towne Tavern, appellant left the scene in his vehicle. Hadden had to be transported to the emergency room of the local hospital so that stitches could be administered to his head. The police were also summoned and they were able to stop appellant in his vehicle not far from the tavern. Appellant's clothing was splattered with blood, although no tests were ever performed to determine whose blood was on his clothes.
On August 31, 1998, appellant was indicted by the Lake County Grand Jury on two counts of felonious assault. Appellant entered pleas of not guilty, and the matter proceeded to a jury trial commencing January 11, 1999. On January 15, 1999, appellant was found guilty on both counts of felonious assault and, on February 23, 1999, appellant was sentenced to a definite term of four years of incarceration after the trial court determined that the two counts merged for purposes of sentencing.
Appellant timely filed a notice of appeal and has now set forth the following assignments of error:
 "1. The State's evidence is constitutionally insufficient to support the verdict.
 "2. The trial court erred in refusing the requested jury instruction on less than deadly force.
 "3. The trial court erred in giving the so-called flight instruction to the jury.
 "4. Frank Wagner was denied a fair trial when the prosecutor commented on the criminal past of the defendant's `associates.'
 "5. The trial court erred in allowing Wagner's stale conviction to be used to impeach his credibility.
 "6. The trial court erred in refusing to give the requested instruction on the lesser included offense of assault."
In the first assignment of error, appellant contends that there was insufficient evidence to support his convictions. Specifically, appellant argues that he never used his broken wineglass as a weapon and that the fight was nothing more than a routine barroom melee in which both participants were injured but neither party committed a crime.
The test for reviewing sufficiency of the evidence was set forth by the Supreme Court of Ohio in State v. Jenks (1991),61 Ohio St.3d 259:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
Appellant was convicted of violating both R.C.2903.11(A)(1) and 2903.11(A)(2), although the convictions were merged for purposes of sentencing. Thus, appellant's sentence will stand as long as at least one of the convictions is supported by sufficient evidence. R.C. 2903.11 provides, in relevant part:
 "(A) No person shall knowingly:
 "(1) Cause serious physical harm to another or to another's unborn;
 "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code."
From the testimony presented by the state, it is clear that a rational trier of fact could have found the essential elements of the crimes proven beyond a reasonable doubt.
First, the testimony of Mike Cavallaro was extremely damaging as he claimed that appellant smashed his wine glass, giving it a jagged edge, then charged the victim, hitting the victim in the forehead with the broken glass in his hand. Cavallaro also testified that appellant had to be restrained as he picked up a chair to be used as a weapon. Next, the victim, Dean Hadden, testified that as appellant was coming at him, he saw a broken glass in appellant's hand and he was slashed in his face. According to Hadden, he never even took a swing at appellant. He described the blood coming from his forehead, the excruciating pain he experienced, the stitches he received, and the permanent scar on his forehead.
The tavern's cook, Robert Fensler, also testified on behalf of the state. He claimed that when he first responded to the fight from his post in the kitchen, he observed appellant restraining Hadden while repeatedly striking him with short punches. Once Fensler was able to push appellant away, appellant picked up a chair and threw it at Fensler and Hadden. Finally, when appellant left the tavern Fensler was able to tend to Hadden's head wound.
Clearly, when this evidence is viewed in a light most favorable to the prosecution, we must conclude that there was sufficient evidence to support both convictions for felonious assault. The punches thrown by appellant at Hadden satisfy R.C.2903.11(A)(1), while the attack with the broken wineglass fulfills the requirements of R.C. 2903.11(A)(2). While appellant presented evidence to counter the state's evidence, we need not consider that evidence when determining sufficiency. Accordingly, appellant's first assignment of error is without merit.
In the second assignment of error, appellant asserts that the trial court erred in refusing to give the requested jury instruction on less than deadly force. Specifically, appellant asked the trial court to instruct the jury on the misdemeanor self-defense instruction relevant to assaults with less than deadly force, as found in 4 Ohio Jury Instructions (2000), Section 411.33, at 77-78, as opposed to the instruction the court used which is the felony self-defense instruction applicable to assaults with deadly force, as set forth in 4 Ohio Jury Instructions (2000), Section 411.22, at 75-76. The key difference between the two instructions is that under the misdemeanor self-defense instruction, the defendant has no duty to retreat.
Appellant was charged with felonious assault, in part because he allegedly used a broken wineglass as a deadly weapon in attacking Dean Hadden. These facts supported the instruction given by the trial court. "Deadly force" is defined as a force that "carries a substantial risk that it will proximately" cause death. R.C. 2901.01(2). Clearly, the jagged edge of a broken wineglass, when used as a weapon toward someone's head, carries a substantial risk of death. Hence, the felony self-defense instruction was warranted in this case. Appellant's second assignment of error is without merit.
In the third assignment of error, appellant maintains that the trial court erred in giving the "flight" instruction to the jury. Specifically, appellant objects to the trial court's instruction which stated that evidence of flight by the defendant may be used as evidence of consciousness of guilt. Appellant offers two reasons why the flight instruction is wrong and unwarranted in almost every case. First, there may be numerous explanations for flight, many entirely innocent, and second, it constitutes an invasion of the jury's function because it directs the jury to an issue that it should reach on its own. He claims that the highlighting of one particular piece of evidence is improper. We disagree.
This court has repeatedly upheld a flight instruction similar to the one used by the trial court in the case sub judice.State v. Martin (Apr. 28, 1995), Lake App. No. 93-L-015, unreported; State v. Owens (June 28, 1996), Lake App. No. 95-L-078, unreported; and State v. Davis (Apr. 24, 1998), Lake App. No. 96-L-167, unreported. The Supreme Court of Ohio agrees.State v. Williams (1997), 79 Ohio St.3d 1, 11. Based upon these cases, appellant's third assignment of error is without merit.
In the fourth assignment of error, appellant submits that he was denied a fair trial when the prosecutor commented at trial on the criminal past of his associates, and questioned appellant on cross-examination regarding such association. Specifically, appellant objects to the following line of questioning by the prosecutor during cross-examination concerning his friend who accompanied him to the tavern on the day of the incident, Bobby Evans:
 "Q. And isn't it a fact also that your associate, Mr. Evans, is a convicted felon?
 "Mr. Purola: I object.
 "The Court: He testified to that.
 "Mr. Purola: That's not
 "The Court: Overruled. Let's proceed.
 "Q. A convicted arsonist?
 "A. Yes.
 "Q. Is it common for you to associate with convicted felons?
 "Mr. Purola: I object.
 "The Court: Overruled.
 "Q. Mr. Wagner?
 "A. Is it common?
 "Q. Yes.
 "A. I don't associate with really any, I hadn't seen Bobby in a few years."
Appellant contends that this line of questioning was highly improper and should have been excluded pursuant to Evid.R. 403, since its effect was extremely prejudicial while it had no probative value whatsoever. We agree. Clearly, the state was attempting to show appellant in a bad light by trying to associate him with convicted felons. Whether or not Bobby Evans was a convicted felon, however, had absolutely no relevance to appellant's guilt or innocence.
The state attempts to argue that this line of questioning was permissible because appellant admitted during direct examination that he had known Bobby Evans for years and that Evans had recently been paroled. We agree as to the issue of whether Evans was a convicted felon since that fact had already been established during direct examination of appellant. That fact, however, is different than the issue of whether appellant commonly associated with convicted felons. This line of questioning was impermissible.
After a thorough review of the record, however, we must conclude that this error by the trial court was harmless. Appellant answered the prosecutor's question in the negative. He stated that he did not associate with any convicted felons other than Bobby Evans, and that he had not even seen Evans for a period of a few years. Thus, in light of appellant's response to the improper question, we fail to comprehend how appellant could have been prejudiced by this exchange. Accordingly, the error was harmless at best. Appellant's fourth assignment of error is without merit.
In the fifth assignment of error, appellant contends that the trial court erred in allowing his 1985 felonious assault conviction to be used to impeach his credibility. Appellant argues that his conviction was more than ten years old and should have been excluded under Evid.R. 609.
While appellant filed a motion in limine regarding the foregoing conviction, no objection was raised at trial. Hence, appellant has waived any error absent a finding of plain error.State v. Grubb (1986), 28 Ohio St.3d 199, 203; State v. Loza
(1994), 71 Ohio St.3d 61, 74-75.
Evid.R. 609(B) provides that evidence of a prior conviction that is more than ten years old is not admissible "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." That determination is within the broad discretion of the trial court. State v. Taylor (1997), 78 Ohio St.3d 15, 26.
In the present case, the trial court determined that appellant's defense was self-defense and that credibility of the witnesses would be key. The fact that appellant had previously been convicted of a felonious assault would appear to be probative of whether or not he is guilty of a subsequent felonious assault when he is claiming self-defense. It certainly has probative value on the issue of appellant's guilt. However, it is also prejudicial as it is an attempt by the prosecution to convince the jury that the defendant who has already committed a felonious assault is more likely to commit another such assault. Apparently, it was the trial court's conclusion that the probative value of the prior conviction substantially outweighed its prejudicial effect. Under the circumstances of this case, we cannot conclude that this decision amounted to plain error. Thus, appellant's fifth assignment of error is without merit.
In the sixth assignment of error, appellant asserts that the trial court erred in refusing to give the requested jury instruction on the lesser included offense of assault. The difference between misdemeanor assault and felonious assault is the attacker's state of mind. In a misdemeanor assault, the attacker acts recklessly, while in a felonious assault, the attacker acts knowingly.
In the instant cause, it is clear from a review of the record that appellant acted knowingly. He either knowingly attacked Dean Hadden, or he knowingly struck Dean Hadden in self-defense. In a similar case, the First District Court of Appeals held that the trial court erred in instructing the jury on misdemeanor assault because the facts did not support such a charge. The case involved a barroom fight and the defendant claimed that he was acting in self-defense. The court held that while a jury is free to accept all or part of a witness' testimony, "the jury cannot compromise the truth by taking two versions of a fight and creating a third version." State v.Hartman (1998), 130 Ohio App.3d 645, 648. As in the present case, none of the witnesses described a fight wherein the appellant recklessly, as opposed to knowingly, assaulted the victim. Either the appellant knowingly attacked, or he was knowingly attacked and was acting in self-defense.
We agree with the Hartman decision. The facts of this case did not support a jury instruction on the lesser included offense of misdemeanor assault. Hence, appellant's sixth assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
 ______________________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., NADER, J., concur.