OPINION
Defendant-appellant, Jeremy Simmons, appeals his conviction in the Hamilton Municipal Court for reckless assault, a violation of R.C. 2903.13(B). The conviction is affirmed.
On July 25, 1999, appellant was at Diamonds, a bar in Hamilton, Ohio. Around 2:00 A.M., as he was leaving the bar, he became involved in a fight with another patron. During the course of that altercation, Dennis Bishop approached the men and was injured. As a result of the injury to Dennis Bishop, appellant was charged with felonious assault. However, the grand jury indicted appellant for the reduced charge of reckless assault.
The witnesses who testified at trial basically presented two versions of the evening's events. Bishop testified that he approached the men with the intent to break up the fight. He had managed to place himself between the two when appellant shoved him from behind into a parked car. Bishop's forearm went through the driver's side window, severing his arteries, tendons and the sensory nerve running into his thumb. The state's other witness, Dwanna DePew, likewise testified that appellant shoved Bishop into a parked car.
On the contrary, appellant testified that, although he was involved in a fight that evening, he had no contact with Bishop. In fact, he testified that he had never seen Bishop before the preliminary hearing. He did concede hearing a window break, but contended that he was on the ground struggling against the other man at that point. Steven Bucheit, who furnished appellant's transportation that evening, testified that he observed Bishop approach appellant from behind and attempt to swing at him. However, appellant stepped out of the way and Bishop instead hit the parked auto. Similar testimony was provided by two other defense witnesses, Michelle Ingram and Andrew Steed.
The trial court found that the defense witnesses lacked credibility due to the inconsistencies in their relation of the evening's events. Appellant was convicted of reckless assault and sentenced accordingly. He appeals, raising a single assignment of error:[1]
 THE TRIAL COURT'S FINDING OF GUILTY ON THE CHARGE OF RECKLESS ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In his assignment of error, appellant argues that his conviction is against the manifest weight of the evidence. Specifically, appellant claims that the state failed to show beyond a reasonable doubt that he acted recklessly.
A reviewing court will not reverse a judgment in a bench trial as against the manifest weight of the evidence where the trial court could reasonably conclude from substantial evidence that the state proved the offense beyond a reasonable doubt. State v. Eskridge (1988),38 Ohio St.3d 56, 59; City of Middletown v. Ramsey (Sept. 19, 1988), Butler App. No. CA87-11-149, unreported. The standard for reversal for manifest weight of the evidence has been summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172. In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Appellant's rather novel argument is that the state proved a highermens rea than was necessary to convict him of reckless assault. Appellant contends that the evidence presented by the state, if believed, establishes that he acted "knowingly," not "recklessly." He concludes that the state therefore failed to prove an element of the charged offense.
In support of his argument, appellant directs our attention to Statev. Hartman (1998), 130 Ohio App.3d 645. In Hartman, the defendant was charged with felonious assault. Although no evidence or testimony was offered to establish that the defendant acted with anything other than knowledge, the trial court instructed the jury on the lesser included offense of reckless assault, for which she was convicted.
The appellate court held that the instruction on the lesser included offense was improper since the state had not presented any evidence of reckless-behavior. The defendant was discharged as the jury had acquitted her of the greater charge of felonious assault, and the charge on the lesser included offense was not warranted by the evidence. Thus, Hartman
stands for the proposition that a jury should not be instructed on a lesser included offense, and a defendant cannot be convicted of that offense, when the instruction/conviction is not warranted by the facts elicited at trial.
Unlike Hartman, the appellant in the present case was indicted for reckless assault, and convicted of the same charge. R.C. 2901.22 defines "reckless" as follows:
 (C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.
Appellant contends that the testimony of the state's witnesses, if believed, establishes that he acted knowingly, not recklessly. Appellant then concludes that the state failed to prove the requisite mens rea to convict him of the crime charged. However, R.C. 2901.22(E) provides that "[w]hen recklessness suffices to establish an element of an offense, then knowledge or purpose is also sufficient culpability for such element." Pursuant to R.C. 2901.22(E), proof of any degree of culpable mental state is sufficient to prove all lesser degrees. See, also, State v. Howell
(2000), 137 Ohio App.3d 804, 815. Accordingly, a "reckless" state of mind is necessarily subsumed by a greater, "knowing" state of mind.
Having reviewed the entire record, we find that appellant's conviction is supported by the manifest weight of the evidence. The assignment of error is overruled.
Judgment affirmed.
 ____________ WALSH, JUDGE
VALEN, P.J., and POWELL, J., concur.
[1] We note that the City of Hamilton has failed to file a brief in this matter.