OPINION
This timely appeal arises from a jury verdict in the Jefferson County Court of Common Pleas convicting Albert McCleod, III ("Appellant"), of one count of felonious assault. For the following reasons, we must reverse the conviction due to an error in the jury instructions and remand the case for further proceedings.
On September 7, 1998, Appellant entered Snyder Tire and Electronics ("Snyder Tire") in Wintersville, Ohio, to return a defective remote automobile starter and security system. (Tr. 83). The purpose of the device was to enable the driver to activate the automobile's locks, alarm and ignition system using a keyless remote control transmitter. Appellant had purchased the device from Snyder Tire but had taken it elsewhere to be installed. The manager of the store, Doug Rawson ("Rawson"), told Appellant that he would need to send the device to the manufacturer to be repaired. Appellant admitted that he was angry and irate, and that he left Snyder Tire after Rawson threatened to call the police. (Tr. 137).
Appellant returned to Snyder Tire later that day. He asked Rawson to accompany him outside to look at his car. Although there was conflicting evidence as to exactly what happened next, Appellant admitted to punching Rawson once in the face. (Tr. 140-141, 147). Rawson testified that Appellant also kicked him after he had fallen down. (Tr. 87). Appellant testified that Rawson provoked him by using a racial epithet. (Tr. 140).
Rawson was taken to the emergency room at Trinity West Medical Center. Rawson's treating physician testified that he suffered facial bruising, bleeding, swelling, and a nondisplaced fracture of the orbital floor, i.e., the eye socket. (Tr. 60-61, 71). The radiologist's report of Rawson's CT scan also confirmed that there was a fracture of the orbital floor. (Tr. 78).
Appellant was indicted on November 3, 1999, on one count of felonious assault in violation of R.C. § 2903.11(A), a second degree felony, and one count of intimidation in violation of R.C. 2921.03, a third degree felony.
After a one-day jury trial on January 19, 2000, Appellant was convicted of one count of felonious assault. On January 28, 2000, Appellant was sentenced to four years in prison. This timely appeal followed.
Appellant presents four assignments of error for our consideration. Appellant's first and second assignments of error both deal with alleged irregularities in the jury instructions, and they will be treated together. Appellant asserts that:
 "The Court erred in failing to instruct the jury on aggravated assault.
"The Court erred in failing to instruct the jury on the lesser included offense of assault."
Appellant argues here that the jury instructions were deficient because they did not instruct as to lesser included or inferior degree offenses. In State v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus, the Ohio Supreme Court set out the test used to determine whether one offense constitutes a lesser included offense of another:
 "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."
An inferior degree offense is one in which, "its elements are identical to or contained within the indicted offense, except for one or more additional mitigating elements." Id. at paragraph two of the syllabus.
The decision to give or refuse to give jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal unless the record affirmatively demonstrates an abuse of discretion on the facts and circumstances of the particular case. State v. Wolons
(1989), 44 Ohio St.3d 64, 68. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157.
"A criminal defendant has a right to expect that the trial court will give complete jury instructions on all issues raised by the evidence."State v. Williford (1990), 49 Ohio St.3d 247, 251. Jury instructions should be tailored to fit the facts of each case. Avon Lake v. Anderson
(1983), 10 Ohio App.3d 297, 299.
"[A] jury instruction must be given on a lesser included (or inferior-degree) offense when sufficient evidence is presented which would allow a jury to reasonably reject the greater offense and find the defendant guilty on a lesser included (or inferior-degree) offense." (Emphasis in original.) State v. Shane (1992), 63 Ohio St.3d 630,632-633.
The crime of felonious assault, a second degree felony, is defined in R.C. § 2903.11 as:
"(A) No person shall knowingly do either of the following:
"(1) Cause serious physical harm to another or to another's unborn;"
Aggravated assault, a fourth degree felony, is defined in R.C. §2903.12 as follows:
"(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
"(1) Cause serious physical harm to another;"
Aggravated assault is an inferior degree offense of felonious assault, containing the same elements as felonious assault except for the additional mitigating element of passion or rage. Deem at paragraph four of syllabus. In a trial regarding felonious assault, where the defendant presents sufficient evidence of serious provocation, an instruction on aggravated assault must be given to the jury. Id.
 "Provocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force. In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time.
 Id. at paragraph five of syllabus.
Simple assault, a first degree misdemeanor, is defined in R.C. §2903.13 as:
 "(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.
 "(B) No person shall recklessly cause serious physical harm to another or to another's unborn."
Simple assault is a lesser included offense of felonious assault. Statev. Hartman (1998), 130 Ohio App.3d 645, 647. "[A jury] charge on such lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v. Thomas (1988),40 Ohio St.3d 213, paragraph two of syllabus.
In the case sub judice, the only evidence to support a conclusion that Appellant was provoked by a sudden rage or passion was Appellant's testimony that the victim used the racial epithet "nigger." (Tr. 140). Generally, words alone, even racially charged words, will not constitute sufficient provocation to incite the use of deadly force. Shane, supra,63 Ohio St.3d at 637; see, also, State v. Slones (Aug. 11, 1994), Cuyahoga App. No. 66031, unreported (victim telling the defendant, "You a punk ass nigger," and raising his hand to strike the defendant immediately prior to the defendant shooting the victim did not constitute provocation sufficient to incite the use of deadly force for the offense of aggravated assault).
The record does not contain any other evidence sufficient to create a jury question on the issue of provocation. All the evidence confirms that Appellant was relatively calm on his second visit to Snyder Tire, up until the moment that he struck Rawson. At any rate, once Appellant left Snyder Tire after his first attempt to get a refund, he could not later claim to be under the influence of rage or passion based on how he was treated as a customer. Past incidents do not satisfy the test for reasonably sufficient provocation when there has been a sufficient time for the defendant to cool off. State v. Mack (1988), 82 Ohio St.3d 198, 201. Because there is insufficient evidence to raise the issue of provocation, the trial court properly refused to instruct the jury on aggravated assault.
The circumstances are quite different, though, as far as the need to instruct the jury on simple assault. The instruction would be warranted if the jury could reasonably find that Appellant recklessly, rather than knowingly, caused serious physical harm; or that he knowingly caused or attempted to cause mere physical harm, rather than serious physical harm. All of the relevant terms are defined in Ohio's criminal code.
The mens rea for felonious assault is "knowledge." This is defined in R.C. § 2901.22(B) as:
 "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
The test for determining whether a defendant acted knowingly is a subjective one, based on the knowledge, beliefs and circumstances of the individual defendant. State v. Elliott (1995), 104 Ohio App.3d 812, 821; see, also, Franks v. Delaware (1978), 438 U.S. 154; United States v.Leon (1984), 468 U.S. 897.
The mens rea for simple assault is either "knowledge," as defined above, or recklessness, defined in R.C. § 2901.22(C) as:
 "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
 "Serious physical harm to persons" is defined in R.C. § 2901.01(A)(5) as any of the following:
 "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 "(b) Any physical harm that carries a substantial risk of death;
 "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 "(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
 "(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
 "Physical harm to persons" is defined in R.C. § 2901.01(A)(3) as:
 "[A]ny injury, illness, or other physiological impairment, regardless of its gravity or duration."
A reasonable jury could have acquitted Appellant of felonious assault because it is not clear that he was aware that one punch, and possibly a kick, would certainly or likely result in the type of serious injury which occurred. Appellant's "sucker-punch," as it was described in testimony (Tr. 71), appears to be more likely an act of recklessness, which is an element of simple assault rather than felonious assault. SeeState v. McFadden (Nov. 21, 1995), Franklin App. No. 95APA03-384, unreported (single, blind-side punch to head which caused victim's death was treated as reckless act in trial for felonious assault). Because the evidence could reasonably support a conviction for either felonious assault or simple assault, the trial court was required to instruct the jury on the lesser included offense of simple assault.
Appellee argues that Appellant did not object to the jury instructions and, therefore, these assignments of error can be reviewed only under a plain error standard of review. Failure to object to jury instructions, as required by Crim.R. 30(A), constitutes a waiver of any claim of error on appeal unless the absence of such instruction rises to the level of plain error. Williford, supra, 49 Ohio St.3d at paragraph three of syllabus.
Plain error signifies an error affecting a substantial right that was not brought to the attention of the court at the appropriate time. Crim.R. 52(B). In order to prevail under a plain error standard of review, an appellant must establish that the outcome of his or her trial would clearly have been different had the alleged error not occurred.State v. Waddell (1996), 75 Ohio St.3d 163, 166. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
The record reveals that Appellant did object to the jury instructions. Appellant's attorney specifically moved, just prior to the court's presentation of the jury instructions, that an instruction on aggravated assault be given. (Tr. 158). There was discussion of both inferior degree offenses and lesser included offenses. The prosecutor expressed doubt that either aggravated assault or simple assault would apply in this case. (Tr. 160). The court made a clear and unequivocal ruling: "It's the opinion of the Court that aggravated assault does not apply in this case. The Defendant is either innocent or guilty of felonious assault." (Tr. 160).
Although Appellant could have further objected to the jury instructions to clarify that he was also requesting an instruction on simple assault, the context of the judge's ruling makes it clear that any further discussion would have been futile. An error is not waived on appeal for failure to make a futile objection that has already been effectively considered and finally ruled upon by the court. Sinea v. Denman TireCorp. (1999), 135 Ohio App.3d 44, 68. "[A] trial attorney does not violate any substantial duty in failing to make futile objections."State v. Mitchell (1988), 53 Ohio App.3d 117, 119. See, also, Nelson v.Nelson (June 4, 1992), Cuyahoga App. No. 60802, unreported; Difeo v.Carder (May 6, 1987), Summit App. No. 12924, unreported.
We find that the trial court did not abuse its discretion in refusing to give a jury instruction on aggravated assault, but that the court erred in failing to give an instruction on simple assault. Therefore, while we overrule Appellant's first assignment of error, his second assignment of error has merit and must be sustained.
Appellant's third assignment of error has not been preserved for review. Appellant asserts:
 "The Court violated Defendant's Constitutional and Statutory rights by denying him the right to call a witness in his defense."
Appellant argues that he was prevented from presenting the testimony of Mark Liggett, who allegedly spoke with Appellant and with Rawson on the day of the assault. In order to preserve for appeal an error in the exclusion of evidence, a party is required to proffer the substance of the evidence to the court. Evid.R. 103(A)(2). The record indicates that Appellant did not make an offer of proof of the substance of Mr. Liggett's testimony. Therefore, this error has been waived. State v. Grubb (1986),28 Ohio St.3d 199, paragraph two of syllabus. Thus, we must overrule this assignment of error.
Appellant's fourth assignment of error argues:
 "The Defendant was prejudiced by Prosecutorial Misconduct."
Our resolution of assignment of error number two prevents us from addressing this alleged error. Prosecutorial misconduct, if found, generally results in a reversal and remand for a new trial. State v.Keenan (1998), 81 Ohio St.3d 133, 141. The federal and Ohio constitutional strictures against double jeopardy prevent retrial where prosecutorial misconduct was intentionally calculated to goad a defendant into moving for a mistrial. State v. Loza (1994), 71 Ohio St.3d 61, 70. Because Appellant does not allege any Loza type of misconduct, even if we would find some misconduct, it would, at most, result in a reversal and remand for a new trial. Because we have sustained assignment of error number two, the matter has already been reversed and remanded. Therefore, this assignment of error is moot because its resolution would add nothing to this matter and any further analysis would be merely advisory.
For all the foregoing reasons, we overrule Appellant's first and third assignments of error. We sustain his second assignment of error and reverse Appellant's conviction and remand this case for further proceedings not inconsistent with this opinion. We overrule Appellant's fourth assignment of error as moot based on our resolution of assignment of error number two.
Donofrio, J., concurs.
Vukovich, P.J., concurs.