[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} The defendant-appellant, Kristina Hedges, appeals from her conviction on one count of felonious assault, a violation of R.C.2903.11(A)(1). In her two assignments, she argues that (1) the trial court improperly refused to give a charge on the lesser-included offense of simple assault, and (2) there was insufficient evidence to convict her of felonious assault. For the following reasons, we affirm.
{¶ 3} There is no dispute that a physical altercation occurred on September 22, 2002, outside the Pipeline Bar involving Amanda Brockman, the prosecuting witness, Hedges, and Hedges's friend, Michael Bilby. Brockman testified that after arriving at a parking lot adjacent to the bar, she heard a woman shout out, "That shirt looks nasty on you, bitch," and that, after she ignored the comment, Hedges approached her and punched her directly in the face. According to Brockman, the force of the blow was sufficient to dislodge a tooth. Brockman then struck back at Hedges, and a fight broke out between the two. Observing the action, Bilby got out of his vehicle and, instead of breaking up the fisticuffs, entered the fray and began to beat Brockman — even going so far as to kick her — dislodging more teeth and inflicting further damage on her face. Although Brockman testified that she believed that Hedges punched her again as she lay on the ground, she was unable to testify that she actually saw Hedges do this, given her defensive posture. Fortunately, an officer on patrol spotted the fight, broke it up, and placed Hedges and Bilby under arrest.
{¶ 4} In her first assignment of error, Hedges argues that she was entitled to a jury instruction on simple assault because the jury could have found that she had acted recklessly. We agree with the state, however, that the facts of this case are remarkably similar to those inState v. Hartman (1998), 130 Ohio App.3d 645, 720 N.E.2d 971, in which we rejected the notion that a person who deliberately strikes a blow at another can be said to act recklessly rather than knowingly. As observed in Hartman, although theoretically every time someone acts knowingly they can also be said to act recklessly, this does not mean that a jury is free to find that a person acted only recklessly when there is but one scenario supported by the evidence — that the defendant pursed a deliberate and knowing course of conduct. Id. at 647, 720 N.E.2d 971. Here, the evidence supported only a single scenario that the jury was free to either believe or disbelieve — Hedges deliberately punched Brockman in the face. Nor do we accept Hedge's argument that she acted recklessly with respect to the risk of serious physical injury. In this regard, Hedges argues that she had no way of knowing that a woman of her stature could inflict serious physical injury with her punch. Had Hedges punched Brockman in some other part of the body besides the face, such as a shoulder, this argument may have had some cogency. But when a person deliberately punches another right in the face with a force strong enough to dislodge a tooth, we hold that the only reasonable inference is that person knew of the risk that such a blow could, and would likely, inflict serious physical harm.
{¶ 5} Hedge's first assignment of error is overruled.
{¶ 6} In her second assignment of error, Hedges argues that the evidence was insufficient to convict her of felonious assault. Having reviewed the record, we hold that the evidence was sufficient to reasonably establish all the elements of the offense, and that the jury did not lose its way or commit a manifest miscarriage of justice by finding her guilty of felonious assault.
{¶ 7} Therefore, the judgment of the trial court is affirmed.
{¶ 8} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 GORMAN, P.J., PAINTER and WINKLER, JJ.