The STATE of Ohio, Appellee,

v.

BLACK, Appellant.

[Cite as *State v. Black* (1997), 124 Ohio App.3d 419.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–960845.

Decided Dec. 12, 1997.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sherry Green*, Assistant Prosecuting Attorney, for appellee.

*Raymond T. Faller*, for appellant.

*Per Curiam.*

Defendant-appellant Bobbie Black was found guilty by a jury on one count of trafficking in marihuana with a prior felony drug-abuse conviction, and on the specification of committing a drug offense with a prior violence conviction. He appeals from the judgment of the trial court entered on the jury's verdict.[1]

In his first assignment of error, Black argues that he was deprived of his right to the effective assistance of counsel in violation of the Fifth and Sixth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution. While Black has given this court seven examples of how he was allegedly prejudiced by counsel's deficient performance, we will address only the two we find dispositive.

---

1. We have *sua sponte* removed this case from the accelerated calendar.

■ First, Black argues that he was prejudiced by counsel's deficient performance in failing to request a jury instruction on drug abuse. We agree.

Black was charged with trafficking in marihuana, in violation of R.C. 2925.03(A)(2) and (D)(2), a felony of the third degree, with a specification that he had previously been convicted of an offense of violence. He was facing an indefinite prison sentence of one to three years up to a possible maximum of ten years, and a maximum fine of $5,000. In this case, the offense of drug abuse [2] was a lesser included offense of drug trafficking. Because the amount of marihuana found on Black was less than one hundred grams, the offense of drug abuse would be a minor misdemeanor, subject to a maximum penalty of a $100 fine. Black's attorney presented sufficient evidence supporting the instruction on drug abuse, but failed to request an instruction on the lesser included offense.

We hold that under the tests set forth in the applicable case law,[3] counsel's representation of Black fell below an objective standard of reasonableness, counsel substantially violated essential duties owed to Black, and counsel's deficient performance prejudiced Black.

Based upon the evidence in this case, the jury could have found Black not guilty of the trafficking offense, but guilty of the minor-misdemeanor drug-abuse offense. Instead, the jury was not given any choice, despite being faced with a defendant who unequivocally admitted that he possessed the marihuana. We hold that the fairness of the proceeding below was compromised by counsel's failure to request the instruction.

We recognize that the Ohio Supreme Court has held that the failure of counsel to request an instruction on a lesser included offense is a tactical decision. *State v. Griffie* (1996), 74 Ohio St.3d 332, 658 N.E.2d 764; *State v. Clayton* (1980), 62 Ohio St.2d 45, 16 O.O.3d 35, 402 N.E.2d 1189. However, based upon the facts of this case, Black has overcome the presumption that his counsel's failure to request the jury instruction was the product of a sound trial strategy.[4] *Strickland, supra.*

---

**2.** R.C. 2925.11(A) and (C)(3) provide:

   "(A) No person shall knowingly obtain, possess, or use a controlled substance.
   " * * *

   "(C) Whoever violates this section is guilty of drug abuse and shall be sentenced as follows:
   " * * *

   "(3) If the drug involved is marihuana, drug abuse is a misdemeanor of the fourth degree, unless the amount of marihuana is less than one hundred grams, * * * in which case drug abuse is a minor misdemeanor."

**3.** *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693, and *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

**4.** Counsel presented a defense that Black possessed the marihuana but that the alleged trafficking paraphernalia found in the borrowed car he was driving was not Black's. There is

■ Second, Black argues that his counsel was deficient in allowing the jury to be made aware of Black's prior robbery conviction. We agree.

The prior robbery conviction was the basis of the specification alleging a prior violence conviction. Counsel for Black did not request that the judge decide the specification at the sentencing hearing as allowed under former R.C. 2941.143. Additionally, the conviction could not have been used to impeach Black at trial because he did not take the stand, and even if he had, the conviction appears to be too old to use for impeachment purposes under Evid.R. 609(B).[5] Again, we hold that Black was prejudiced as counsel's conduct compromised the fairness of the proceedings below.

Although some of Black's other examples of counsel's alleged deficiencies—failure to present a defense, failure to file a motion to suppress, failure to object to the admission of evidence, and allowing Black to appear before the jury in jail clothing—reflect unwise decisions, none of these examples rises to the level required to demonstrate ineffective assistance in this case.

The first assignment of error is sustained.

In his second assignment of error, Black argues that the trial court erred in overruling his Crim.R. 29 motion for acquittal at the end of the state's case, and that the conviction is against the manifest weight of the evidence.

■ After reviewing the evidence in the light most favorable to the state, we hold that the trial court properly overruled Black's Crim.R. 29 motion for acquittal. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus. Because this case is remanded for a new trial, we decline to address Black's challenge to the manifest weight of the evidence.

The second assignment of error is overruled.

We reverse the conviction in this case and remand the cause to the trial court for a new trial.

*Judgment accordingly.*

PAINTER, P.J., DOAN and MARIANNA BROWN BETTMAN, JJ., concur.

---

nothing in the record indicating that counsel's failure to request the instruction on drug abuse was a strategic decision.

5. The conviction was entered in 1977. Nothing in the record reveals when Black was actually released from incarceration, nor is there a letter in the record on behalf of the prosecutor informing Black that the state intended to impeach with a conviction over ten years old.