OPINION
Daniel Robertson appeals from his conviction of trafficking in drugs which was entered after a jury trial in the Jefferson County Common Pleas Court. For the following reasons, appellant's conviction is affirmed.
David McQuistion, a professional civilian undercover agent, and Nancy Newburn, a crack cocaine user turned confidential informant, went to appellant's residence on August 31, 1996 to arrange a crack purchase. The next day, they arrived at appellant's door with an envelope containing $550 which was supplied to them by the Jefferson County Drug Enforcement Coordinator. McQuistion, who was wired with a transmitter, testified that he handed the envelope of money to appellant. A page was placed to Benjamin Wiggins who is appellant's drug dealer. Wiggins called appellant and stated that he would arrive shortly. McQuistion testified that appellant instructed him to wait in the basement during the transaction or Wiggins would be too nervous to sell the crack.
Thereafter, Wiggins arrived at appellant's house. Wiggins testified that appellant handed him an envelope containing $550 in order to purchase a half of an ounce of crack. Wiggins left with the money and drove to his drug supplier's house. He then returned to appellant's house and allegedly handed two bags of crack to appellant. Appellant handed the bags to Newburn who gave them to McQuistion. McQuistion then signaled police to enter the house. Upon entering appellant's house, police noticed appellant's seven year old daughter standing in the living room. Appellant and Wiggins were arrested for drug-trafficking.
On December 12, 1996, appellant was indicted for trafficking in cocaine in violation of R.C. 2925.03 (A). A specification was included due to the presence of a juvenile at the drug deal. Appellant's jury trial commenced on June 3, 1997 after which the jury found him guilty of the crime and its accompanying specification as charged. The court sentenced appellant to a definite two year sentence. The within timely appeal followed.
Appellant sets forth two assignments of error, the first of which alleges:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO INSTRUCT THE JURY ON THE AFFIRMATIVE DEFENSE OF ENTRAPMENT."
Entrapment is an affirmative defense under R.C. 2901.05 (C). (2). An affirmative defense must be raised at the trial court level or it is waived; it is incumbent upon the defendant to request jury instructions on an affirmative defense. See State v.Jackson (1983), 13 Ohio App.3d 416. See, also, Crim.R. 30 (A) (stating that the failure to object at trial waives any error with regards to jury instructions). Appellant failed to request an instruction on entrapment. Nonetheless, appellant alleges that the trial court committed plain error, under Crim.R. 52 (B), by failing to sua sponte instruct the jury on entrapment.
The entrapment defense may be available where the idea of criminal conduct originates with government officials who implant that idea into the mind of an individual who is not predisposed to commit the crime proposed. State v. Doran (1983), 5 Ohio St.3d 187,192-93. "The entrapment defense presupposes active participation in the illegal activity at the prompting of the government." State v. Thompson (1993), 87 Ohio App.3d 570, 581.
Thus, utilization of the entrapment defense entails confession and avoidance. Doran, supra at 193. The defendant typically admits the crime but seeks to have the crime's commission excused or justified. Id. Hence, a defendant who denies participation in the crime charged is not entitled to a sua sponte instruction on entrapment. See Thompson, supra; City of Columbus v. Abdalla
(Apr. 30, 1998), Franklin App. No. 97APC08-973, unreported; Statev. Benson (June 23, 1994), Cuyahoga App. No. 65018, unreported. Moreover, the court is not obliged to instruct on an affirmatives defense such as entrapment where the evidence is insufficient to support the instruction. See State v. Melchior (1978), 56 Ohio St.2d 15; State v. Loudermill (1965), 2 Ohio St.2d 79.
Appellant's strategy at trial was to assert that he was not part of the crack sale. He testified that McQuistion never handed him an envelope of money but rather set it on the table. Appellant also stated that he never handed the envelope to Wiggins as claimed. In fact, he claimed to have been smoking crack in the bathroom when the exchange of money occurred. Additionally, appellant claims that he never touched the two bags of crack sold to the informants by Wiggins. Thus, appellant's defense was not that the government agents implanted the idea of selling crack into his mind, but rather his defense was to deny involvement in the transaction. Appellant's denial of participation in the sale of crack precluded any advancement of an entrapment defense. See State v. Rhodes (1992), 63 Ohio St.3d 613,625 (stating that affirmative defenses entail confession and avoidance where the defendant admits the elements but seeks to be absolved). See, also, Thompson; Abdalla; Benson; supra.
Therefore, the trial court's failure to sua sponte instruct on entrapment did not constitute error. In accordance, this assignment of error is without merit.
Appellant's second assignment of error contends:
 "THE PERFORMANCE OF DEFENDANT'S TRIAL COUNSEL DENIED THE DEFENDANT THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AN[D] FOURTEENTH AMENDMENTS."
In order to prevail on a claim of ineffective assistance of counsel, the defendant has the burden of proving two things: (1) that defense counsel's performance was deficient and (2) that said deficient performance prejudiced the defense. State v.Reynolds (1998), 80 Ohio St.3d 670, 674, citing Strickland v.Washington (1984), 466 U.S. 668, 687. Counsel's performance is deficient if it falls below an objective standard of reasonableness. Id. The defendant must demonstrate that counsel acted unreasonably by substantially violating an essential duty that an attorney owes to a client. State v. Sallie (1998),81 Ohio St.3d 673, 674. Because attorneys are presumed competent, reviewing courts refrain from second-guessing strategical decisions and strongly presume that the performance in question falls within a wide range of reasonable legal assistance. Statev. Carter (1995), 72 Ohio St.3d 545, 558.
Upon demonstrating counsel's deficient performance, the defendant then has the burden to establish prejudice to the defense as a result of counsel's deficiency. Reynolds, supra at 674. The reviewing court looks at the totality of the circumstances and decides if there exists a reasonable probability that were it not for serious errors made, the outcome of the trial would have been different. Strickland, supra at 695-69. An error is outcome determinative if the reviewing court's confidence in the outcome of the trial is undermined. Id. See, also, State v. Bellish (Mar. 31, 1998), Mahoning App. No. 87-CA-78, unreported,
Appellant's first allegation of ineffective assistance of counsel is that his attorney failed to request an entrapment instruction. However, as explained under appellant's first assignment of error, the entrapment defense was incompatible with appellant's denial of participation in the sale of the crack. Therefore, it is presumed that appellant and his counsel strategically decided that appellant would maintain his protestations of innocence with regards to the crack sale rather than admit that he was the intermediary which would have been necessary in order to utilize the defense of entrapment. We thus refrain from second-guessing this trial tactic and hold that counsel's performance was not deficient. See Carter, supra. As such, this argument fails.
Appellant's next allegation of ineffective assistance of counsel is that his attorney failed to request an instruction on the lesser included offense of drug abuse or drug possession. Appellant testified that Wiggins gave him a small amount of crack on the day of his arrest. He also stated that he smoked that crack in his bathroom while the drug deal occurred. Thus, appellant admitted to the crime of drug possession. He therefore contends that his attorney should have sought a jury instruction on drug possession.
Drug possession can be a lesser included offense of trafficking as trafficking necessarily requires possession. See State v.Black (1997), 124 Ohio App.3d 419. However, the trafficking alleged by the state and the possession admitted by appellant were two separate crimes. The facts relied upon by the state to constitute trafficking were wholly distinct from the facts of possession admitted to by appellant. See State v. Rance (1999),85 Ohio St.3d 632, 637 (directing courts to look at the particular facts in each case to determine if proof of the greater necessarily involves proof of the lesser offense)
The state never alleged that appellant smoked crack in the bathroom; it was only upon appellant's testimony that this separate crime was revealed. The state was not required to prove that appellant smoked crack in the bathroom in order to prove that appellant was the intermediary in the sale of crack to Mr. McQuistion. As such, in this particular case, the possession for which appellant desires an instruction was not a lesser included offense of the trafficking targeted by the state. See State v.Deem (1988), 40 Ohio St.3d 205. Thus, appellant's counsel did not render ineffective assistance by failing to request an instruction on possession of drugs based upon appellant's confession that he smoked crack in the bathroom. This assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
Waite, J., concurs.
APPROVED:
 ___________________________________ JOSEPH J. VUKOVICH, JUDGE