DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant Samuel Clark appeals his conviction for felonious assault. We affirm.
 {¶ 2} In June 2002, Clark punched John Morrison in the face outside a bar in Lawrence County. Morrison was talking to Laura Garrish when Clark and Jeremy Runyon, the bouncer and bartender, came outside to retrieve Garrish. Morrison told them to "[w]ait just a damn minute." Clark and Runyon approached Morrison, and Clark punched Morrison in the face. Clark then returned inside while Runyon and Morrison exchanged words and engaged in further physical confrontation, the extent of which is unclear.
 {¶ 3} Morrison sustained extensive injuries that night. He required facial reconstruction surgery and needed to have his jaw wired shut for six weeks.
 {¶ 4} The state charged Clark with felonious assault. Clark claimed that he was acting in self-defense. Runyon, Garrish, and Clark testified at trial that Morrison was about to hit Clark when Clark punched him. Clark also argued that Runyon had caused most of Morrison's injuries after Clark had returned inside. The trial court properly instructed the jury on self-defense and felonious assault, but did not instruct on assault, a lesser-included offense. The jury found Clark guilty; he was sentenced to five years' imprisonment. Clark now appeals.
 {¶ 5} Clark assigns two errors, both regarding the trial court's failure to instruct the jury on assault: (1) the failure to instruct was plain error; and (2) he was denied effective assistance of counsel because trial counsel neither objected to the court's instructions nor requested the jury instruction on the lesser-included offense. We overrule both assignments.
I. Plain Error and the Jury Instruction
 {¶ 6} A trial court must give a jury instruction on a lesser-included offense if, under any reasonable view of the evidence, it is possible for the jury to find the defendant not guilty of the greater offense and guilty of the lesser offense.[1] And the evidence must be considered in the light most favorable to the defendant.[2]
 {¶ 7} But a party may not assign as error the failure to give any instructions unless the party objected before the jury retired to consider its verdict.[3] Therefore, Clark has waived all but plain error. And the failure to give a jury instruction does not constitute plain error unless, but for the error, the outcome of the trial clearly would have been different.[4]
 {¶ 8} A person is guilty of felonious assault when he knowingly causes serious physical harm to another.[5] And an assault occurs where one knowingly causes physical harm, or recklessly causes serious physical harm, to another.[6]
Assault is a lesser-included offense of felonious assault.[7] The key difference between assault and felonious assault, therefore, is whether the defendant knowingly caused serious physical harm.
 {¶ 9} The key difference for Clark is that felonious assault is a second-degree felony with a maximum term of imprisonment of up to eight years,[8] while assault is a first-degree misdemeanor with a maximum term of six months.[9]
 {¶ 10} In State v. McCleod,[10] the Seventh Appellate District held that the trial court's failure to instruct the jury on assault warranted a reversal of the conviction for felonious assault. The defendant had objected to the jury instructions. There, the defendant had "sucker-punched" and possibly kicked his victim. The court held that a reasonable jury could have acquitted McCleod of felonious assault because it was not clear that he was aware that one punch and possibly a kick would have likely resulted in the type of serious injury that occurred.[11] Had Clark's trial counsel requested such an instruction in this case, the trial court would have been required to give it. Since the issue was raised by the evidence, the best practice would have been for the trial court to have given the assault instruction, unless Clark did not want it to be given.
 {¶ 11} But Clark's counsel failed to object to the jury instructions and did not request any instruction on assault. Again, we can reverse only if the outcome of the trial clearly would have been different if the trial court had instructed the jury on assault. The record reflects that Clark punched Morrison in the face and that Morrison was seriously injured. There was evidence upon which a reasonable jury could have found Clark guilty of felonious assault; it was not plain error to fail to instruct the jury on assault.[12]
 {¶ 12} We therefore overrule Clark's first assignment of error.
II. Ineffective Assistance of Counsel
 {¶ 13} In his second assignment of error, Clark argues that he was denied the effective assistance of counsel when his trial counsel failed to object to the jury instructions and failed to request an instruction on assault.
 {¶ 14} To establish ineffective assistance, Clark must show that (1) trial counsel's performance fell below an objective standard of reasonableness, and (2) the substandard performance actually prejudiced Clark.[13] We must indulge in a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance.[14] Trial counsel's performance will not be deemed ineffective unless counsel's representation fell below an objective standard of reasonableness,[15] and unless there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different.[16]
 {¶ 15} Generally, a failure to request an instruction on a lesser-included offense is a matter of trial strategy.[17]
And the record in this case reflects that failing to request an instruction on assault was consistent with trial strategy in this case. From his opening statement to his closing argument, Clark's trial counsel asserted that Clark had acted in self-defense, and that Runyon had actually caused Morrison's injuries. Apparently, Clark's trial counsel was hoping for a full acquittal. The gamble did not pay off.
 {¶ 16} In State v. Black,[18] the First Appellate District held that trial counsel's failure to request a jury instruction on a lesser-included offense amounted to ineffective assistance. Black was charged with a third-degree felony, and the lesser-included offense was a minor misdemeanor. The difference between the two punishments was a maximum of ten years' imprisonment with a $5,000 fine for the third-degree felony versus a $100 fine for the minor misdemeanor. There, trial counsel's failure to request the lesser-included instruction, given the difference between a small fine and a risk of a decade in prison for his client, was deemed ineffective assistance — no sound trial strategy could be posited to justify it. But the difference between the punishments in the present case was not so great that it rendered trial counsel's assistance ineffective as a matter of law.
 {¶ 17} When reviewing an ineffective-assistance claim, we should not consider what, in hindsight, may have been the more appropriate course of action.[19] Obviously, six months in prison is more desirable than five years. But Clark's trial counsel might have been trying for a full acquittal. A decision not to request a jury instruction on assault was consistent with that strategy. At least as far as this record is concerned, Clark received his constitutionally guaranteed assistance of counsel.
 {¶ 18} Clark's better recourse might be to seek postconviction relief. Clark argues in his appellate brief that his trial counsel requested a jury instruction on assault in a pretrial conference. But this conference has not been made part of the record, so we may not consider it. It is possible that Clark's trial counsel requested the instruction off the record. The failure to renew that request, to proffer an assault instruction, and to object to the absence of the assault instruction might well be considered ineffective assistance. But it is also possible that Clark asked his counsel to get a full acquittal and not to request the instruction. And it would be imprudent to hold Clark's trial counsel ineffective if counsel had merely followed Clark's wishes. Because we have no way of knowing trial counsel's motives, we must presume that his conduct fell within the wide range of reasonable professional assistance.[20] A postconviction proceeding would be necessary to determine what really happened.
 {¶ 19} We therefore overrule Clark's second assignment of error.
 {¶ 20} Accordingly, we affirm the trial court's judgment.
Judgment Affirmed.
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Kline, P.J. and Abele, J.: Concur in Judgment and Opinion.
Mark J. Painter, Judge of the First District Court of Appeals, sitting by assignment.
[1] State v. Wilkins (1980), 64 Ohio St.2d 382,415 N.E.2d 303.
[2] Id.
[3] Crim.R. 30(A).
[4] State v. Underwood (1983), 3 Ohio St.3d 12,444 N.E.2d 1332.
[5] R.C. 2903.11(A).
[6] R.C. 2903.13(A) and (B).
[7] State v. Hartman (1998), 130 Ohio App.3d 645,720 N.E.2d 971.
[8] R.C. 2903.11(D) and 2929.14(A)(2).
[9] R.C. 2903.13(C) and 2929.21(B)(1).
[10] (Dec. 12, 2001), 7th Dist. No. 00 JE 8.
[11] Id.
[12] See, also, State v. Jackson (Dec. 8, 1994), 10th Dist. No. 94APA04-531.
[13] Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052.
[14] Id.
[15] Id.
[16] State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373.
[17] State v. Griffie, 74 Ohio St.3d 332, 1996-Ohio-71,658 N.E.2d 764.
[18] (1997), 124 Ohio App.3d 419, 706 N.E.2d 407.
[19] Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052.
[20] Id.