OPINION
{¶ 1} Defendant-appellant Harland Fuller appeals from his conviction for Felonious Assault, in violation of R.C. 2903.11(A)(1). He contends that the trial court erred by rejecting his request that the jury be instructed on the lesser-included offense of Assault as set forth in R.C. 2903.13.(B). We conclude that the trial court did not abuse its discretion by failing to instruct the jury on the offense of Assault, because the evidence presented did not warrant the instruction. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 2} On November 1, 2004, Fuller and his wife, Elizabeth Fuller, went to the residence of Michelle Ritchie, where they consumed drinks with Ritchie and her cousin, Tiffany Lake. The foursome later decide to go out, so Fuller drove everyone to a bar. Upon discovering that the bar was closed, the group went back to Ritchie's home. During the drive, Lake and Elizabeth began arguing. At some point, Fuller stopped the car, and all three women got out. A physical altercation began between Lake and Elizabeth, during which Lake was pushed to the ground.
 {¶ 3} According to Ritchie, she intervened and pushed Elizabeth away from Lake. Lake testified that while she was still on the ground, Fuller approached her and kicked her in the head. Lake suffered a broken jaw. She had to have her jaw immobilized for approximately one month and she was limited to a liquid diet for about two months.
 {¶ 4} Fuller was indicted on one count of Felonious Assault. At trial, Fuller and Elizabeth both claimed that any injuries suffered by Lake resulted from the fall that occurred when she fought with Elizabeth. The testimony of both Fuller and Elizabeth was that Fuller did not cause any injury to Lake and, in fact, had no physical contact with Lake. At the time of trial, Lake was unable to fully open her mouth, and she still had a scar on her chin.
 {¶ 5} During the course of trial, Fuller made a request that the jury be instructed on the lesser-included offense of Assault. The request was denied. Fuller was convicted of Felonious Assault and sentenced accordingly.
 II {¶ 6} Fuller's sole assignment of error is as follows:
 {¶ 7} "The trial court erred in the conviction of the defendant-appellant as the court refuse [sic] to give jury instructions on the lesser included defense [sic] of assault."
 {¶ 8} Fuller contends that the trial court should have instructed the jury on the lesser-included offense of Assault, as set forth in R.C.2903.13(B). In support, he argues that a reasonable juror could have concluded that he committed simple assault, because the evidence presented at trial demonstrated that he acted recklessly, rather than knowingly.
 {¶ 9} A trial court's decision to give or refuse to give jury instructions will not be disturbed on appeal unless the record affirmatively demonstrates an abuse of discretion on the facts and circumstances of the particular case. State v. Wolons (1989),44 Ohio St.3d 64, 68. The term "abuse of discretion" implies that the trial court's attitude is unreasonable, arbitrary or unconscionable.State v. Adams (1980), 62 Ohio St.2d 151, 157, citations omitted.
 {¶ 10} "A criminal defendant has a right to expect that the trial court will give complete jury instructions on all issues raised by the evidence." State v. Williford (1990), 49 Ohio St.3d 247, 251, citations omitted. Jury instructions regarding a lesser-included offense should be given when sufficient evidence is presented to allow a jury to reasonably reject the greater offense and find the defendant guilty of the lesser-included offense. State v. Shane (1992), 63 Ohio St.3d 630, 632-633, citations omitted. In other words, the trial court must instruct the jury on the lesser-included offense if "under any reasonable view of the evidence it is possible for the jury to find the defendant not guilty of the greater offense and guilty of the lesser offense[.]" State v.Thrasher (Jan. 21, 1994), Clark App. Nos. 2996 2997.
 {¶ 11} Pursuant to R.C. 2903.11(A)(1), a person is guilty of Felonious Assault when he knowingly causes serious physical harm to another. "Simple" Assault, proscribed by R.C. 2903.13(B), occurs where one recklessly causes serious physical harm to another. The culpable mental states for "knowingly" and "recklessly" are defined in R.C. 2901.22(B) and (C), respectively, as follows:
 {¶ 12} "(B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
 {¶ 13} "(C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
 {¶ 14} In this case, there is no dispute that Assault is a lesser-included offense of Felonious Assault. See, State v. Hartman
(1998), 130 Ohio App. 3d 645, 647. Therefore, the crucial issue is whether the jury could reasonably have found that Fuller recklessly, rather than knowingly, caused serious physical harm when he injured Lake.
 {¶ 15} Fuller cites State v. McFadden (Nov. 21, 1995), Franklin App. No. 95APA03-384, State v. McCleod (Dec. 12, 2001), Jefferson App. No. 00 JE 8, and State v. Clark, Lawrence App. No. 03CA18, 2004-Ohio-3843 as support for his claim that a reasonable juror could find that he acted recklessly.[1] In McFadden, the defendant punched another person on the right side of his head. Id. The victim then "went limp" and hit the ground. Id. Another person then struck the victim with a pool cue while a third person kicked him on the left side of his face. Id. The victim later died. Id. McFadden was charged with Felonious Assault and Involuntary Manslaughter. Id. At trial, the coroner was not able to determine conclusively whether the punch or the kick to the head killed the victim. Id. McFadden was convicted as charged. Id.
 {¶ 16} On appeal, the Tenth District Court of Appeals noted that McFadden and the victim were of "similar size and body weight[,]" and that McFadden "did not have any boxing or fighting experience." Id. In determining that the jury should have been instructed on the lesser offense, the court stated as follows:
 {¶ 17} "Under the circumstances, this court finds it difficult to accept that a reasonably prudent person would have been aware that the throwing of one punch had the propensity to cause serious physical harm to another person. Instead, it is reasonable to assume that a person would expect one punch to cause physical harm to another person." Id.
 {¶ 18} Fuller argues that in the case before us, while one kick to Lake's head could be expected to cause physical harm, a reasonable juror could find that he did not know that it would result in serious physical harm. We disagree.
 {¶ 19} According to the trial transcript, neither Fuller nor his wife admitted that Fuller had any physical contact with Lake during the altercation on the night in question. Instead, their testimony indicates that any injury to Lake was caused by Elizabeth Fuller. Fuller's testimony implies that he acted neither knowingly nor recklessly, because he did not have any physical contact with Lake. Conversely, Lake testified that once Elizabeth Fuller pushed her to the ground, Fuller approached her, "pulled his foot all the way back," and proceeded to land a "football kick" to her head.
 {¶ 20} The evidence also indicates that Fuller is about six feet tall and weighed about one hundred and eighty pounds at the time of the assault. Lake, who is five feet one inch tall, weighed approximately one hundred and ten pounds at that time.
 {¶ 21} We conclude that the circumstances surrounding this case are distinguishable from the facts set forth in the above-cited cases upon which Fuller relies. We find it implausible that a person of Fuller's size could kick the head of a woman the size of Lake while she is on the ground without knowing that serious physical harm is probable; especially when the kicker deliberately pulls his leg back to deliver a "football" style kick. Kicking someone who is on the ground is different from punching a person who is standing; the impact is likely to be greater in the case of a "football" style kick, and the victim's head is more vulnerable, because it is on the ground, and the victim, lying on the ground, is less able to evade, or rebound from, the blow. Thus, we conclude that the facts of this case are distinguishable from the facts in the cases cited by Fuller.
 {¶ 22} Had Fuller testified that he did not intend to kick Lake in the head, but had just swung a kick in her direction, a reasonable juror might have found that he acted recklessly. However, Fuller's testimony was that he never touched Lake. Thus, the only testimony regarding the nature of the kick comes from Lake, who indicated that the kick was deliberate and forceful. No evidence was submitted tending to support an intermediate set of facts.
 {¶ 23} Based upon the evidence in this record, we cannot say that the trial court abused its discretion by denying Fuller's requested jury instruction. We find no support for the claim that a reasonable jury could have acquitted Fuller of Felonious Assault but convicted him of Assault. Accordingly, the judgment of the trial court is affirmed.
Wolff, and Grady, JJ., concur.
[1] All of these cases involve defendants who punched another person in the head one time. Since Clark and McCleod rely on McFadden we will limit our discussion to the facts in McFadden.