DECISION AND FINAL JUDGMENT ENTRY
{¶ 1} On March 26, 2009, this Court granted Larry E. Ealy leave to file a complaint for a writ of mandamus, in conjunction with a request for a peremptory writ. We denied Ealy's request for a peremptory writ at that time.
 {¶ 2} Ealy seeks a writ of mandamus compelling the respondent, Steven P. Harsman, Director of the Montgomery County Board of Elections, to "enter [Ealy's] name on the Ballot for the 2009 Primary race or [sic] Mayor of Dayton, Ohio." Specifically, Ealy contends that Respondent abused his discretion in rejecting 360 signatures of registered voters, despite Ealy having met all necessary requirements to have his name officially placed on the ballot.
 {¶ 3} On March 31, 2009, Respondent filed "Motions for Dismissal and/or Summary Judgment, and Motion to Strike." Respondent contends that 1) he has neither a duty nor *Page 2 
statutory authority to place Ealy's name on the May 2009 primary ballot, as Respondent is merely an employee of the Montgomery County Board of Elections; 2) Ealy's petitions failed to contain the names of five registered electors of the City of Dayton who shall constitute the candidate's nominating committee, per Sec. 7(C) of the Charter of the City of Dayton, Ohio; and 3) the remaining claims raised in the petition regarding Mayor Rhine McLin's candidacy are irrelevant to the proceeding in mandamus and should be stricken. Respondent filed a supplement to the above-referenced motion on April 3, 2009, in which he asked that this Court reconsider its March 26, 2009 Decision and Entry granting Ealy leave to file this petition for a writ of mandamus. According to Respondent, Ealy has not set forth any reasonable grounds on which to proceed, as required by R.C. 2323.52(F). We note that Ealy has not filed a response to Respondent's motion to dismiss/motion for summary judgment, nor has he sought additional time in which to file a response.
 {¶ 4} On April 9, 2009, Ealy filed a "Demand for Recusal of the Entire Bench for Spreading Lies against the Relator of Vexatious Litigation to Ruin His Image Long before He Began Petitioning for Mayor of Dayton with Attachment of News Article of Slander and Defamation of Character and Photograph Generated by the Court to Target the Relator for Denial of Due Process in Montgomery County Ohio and This is a Response to the Motion to Strike." Specifically, Ealy provides a laundry list of complaints involving the court of appeals, the Montgomery County Court of Common Pleas, and the City of Dayton and its officials. Upon consideration, we find that Ealy has not presented sufficient justification for this Court to recuse itself in the instant matter, and we decline to do so.
 {¶ 5} A writ of mandamus is an extraordinary remedy that only applies in a limited set of circumstances. In re State ex rel. Watkins, Greene App. No. 07-CA-80, 2008-Ohio-3877, *Page 3 
at ¶ 6, quoting Davenport v. Montgomery Cty., Montgomery App. No. 21196, 2006-Ohio-2909, at ¶ 4. To be entitled to the requested writ of mandamus, Ealy must establish a clear legal right to certification of his candidacy and placement of his name on the May 5, 2009 primary ballot, a corresponding clear legal duty on the part of Respondent, and the lack of an adequate remedy in the ordinary course of law. SeeState ex rel. Grounds v. Hocking Cty. Bd. of Elections,117 Ohio St.3d 116, 2008-Ohio-566, ¶ 10. As the election is scheduled for May 5, 2009, Ealy has established that he lacks an adequate remedy in the ordinary course of the law. See State ex rel. Columbia Res. Ltd. v. Lorain Cty.Bd. of Elections, 111 Ohio St.3d 167, 2006-Ohio-5019, at ¶ 28.
 {¶ 6} In the present matter, Respondent moves to dismiss the instant petition on the basis that Ealy has failed to demonstrate that Respondent has a clear legal duty to place Ealy's name on the election ballot. In this regard, R.C. 3501.14 describes the duties of the director of the board of elections:
 {¶ 7} "(A) The director of the board of elections shall keep a full and true record of the proceedings of the board and of all moneys received and expended; file and preserve in the board's office all orders and records pertaining to the administration of registrations, primaries, and elections; receive and have the custody of all books, papers, and property belonging to the board; and perform other duties in connection with the office of director and the proper conduct of elections as the board determines."
 {¶ 8} Moreover, R.C. 3501.11(K) provides that "[e]ach board ofelections shall exercise by a majority vote all powers granted to the board by Title XXXV of the Revised Code, shall perform all the duties imposed by law, and shall do all of the following: *Page 4 
 {¶ 9} "(K) Review, examine, and certify the sufficiency and validity of petitions and nomination papers, and, after certification, return to the secretary of state all petitions and nomination papers that the secretary of state forwarded to the board." (Emphasis added.)
 {¶ 10} Clearly, the duty to certify Ealy's petition and place his name on the election ballot lies not with Respondent, as the director of the Montgomery County Board of Elections, but with the board itself. Accordingly, we find that Ealy has not demonstrated a sufficient basis to justify extraordinary relief. Respondent's motion to dismiss is SUSTAINED.
 {¶ 11} Respondent also has moved for summary judgment on the grounds that Ealy's petitions failed to contain the names of five registered electors of the City of Dayton who shall constitute the candidate's nominating committee, in accordance with Sec. 7(C) of the Charter of the City of Dayton, Ohio. Respondent presented evidence that one of the five proposed members of Ealy's nominating committee was not a registered voter within the City of Dayton; instead, her address is located within the jurisdictional boundaries of Harrison Township. However, in light of our ruling on Respondent's motion to dismiss, this argument is moot.
 {¶ 12} Finally, insofar as Respondent has moved to strike any and all arguments raised by Ealy with regard to the candidacy of Mayor Rhine McLin, this motion, too, is moot in view of this Court's sustaining Respondent's motion to dismiss.
 {¶ 13} Respondent's motion to dismiss having been sustained, Relator's petition for a writ of mandamus is DENIED and this matter is DISMISSED.
SO ORDERED. *Page 1