[Cite as *State v. Underwood*, 2016-Ohio-1101.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26711 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2014-CR-4297 |
| v. | : | |
| | : | (Criminal Appeal from |
| PRESTON R. UNDERWOOD | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 18th day of March, 2016.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANN M. GRABER, Atty. Reg. No. 0091731, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

R. JASON HOWARD, Atty. Reg. No. 0074662, 4130 Linden Avenue, Claypool Building, Suite 304, Dayton, Ohio 45432-3015
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Preston R. Underwood appeals from his conviction and

sentence for Felonious Assault. Underwood argues that the trial court erred by failing to include a jury instruction on the lesser-included offense of Assault. The State argues that a charge on the lesser-included offense of Assault was not required because the evidence did not support both an acquittal on the charge of Felonious Assault and a conviction for the crime of Assault. We conclude that the trial court did not abuse its discretion by not allowing the jury to consider the lesser included-offense of Assault. Therefore, the judgment of the trial court is Affirmed.

## I. Assault on Patron at Local Tavern

{¶ 2} The bartender at Angie's Firehouse Tavern testified that a woman approached her at the bar and asked permission to use a phone to call for a ride. Shortly thereafter, Underwood came into the bar and engaged in an angry exchange with the woman. The bartender asked them to leave, and escorted them out the door, but they returned, still arguing with each other. Numerous patrons were sitting and standing around the bar area, as the woman moved away from Underwood and stood behind a man, Ben Hirsch, standing next to the end of the bar counter where bartenders and waiters would enter and exit the area behind the bar counter. Underwood followed the woman, who was trying to get Underwood to leave her alone. Hirsch could hear what the woman said, and in response he said a few words to Underwood, which triggered Underwood's attack. Underwood punched Hirsch in the face, one time, which caused Hirsch to fall backward, and then Underwood shoved Hirsch, causing his whole body to hit the floor, and his head to hit a safe located behind the bar. The bartender testified that Hirsch was temporarily knocked unconscious. Hirsch testified that he doesn't remember

what happened until he was awakened by the EMTs. He told the EMTs to leave, but they were called back when the wound on Hirsch's head did not stop bleeding. Hirsch was taken to the hospital, where seven staples were inserted in his head to stop the bleeding.

{¶ 3} After the assault occurred, Underwood left the bar and slammed the door with enough force to cause the top of the wooden doorframe to splinter.

## II. The Course of Proceedings

{¶ 4} Underwood was indicted on one count of Felonious Assault, a second degree felony, in violation of R.C. 2903.11(A)(1), and one count of Criminal Damaging, a misdemeanor of the second degree, in violation of R.C. 2909.06(A)(1).

{¶ 5} Before trial, and during trial, the defense requested the court to include a jury instruction on the lesser-included offense of misdemeanor Assault, under R.C. 2903.13. Before opening statements, the trial court discussed with counsel the State's motion, in limine, to prohibit the defense from making any argument that Underwood did not know that his action would cause serious physical harm. The State argued that throwing a punch is conduct of a certain nature that meets the elements necessary to prove Felonious Assault, without establishing that the defendant knew that his conduct would cause serious physical harm. The trial court sustained the State's motion in limine, stating, "you do not have to know that a certain result will exist. That relates to the causation element. So I'm going to sustain the State's motion in limine and unless and until there is any evidence presented that could lead a reasonable trier of fact to believe that the Defendant's conduct was not knowingly, but instead was reckless, then there can be no argument.* * * There's no evidence of recklessness. There is no evidence because

I have seen the video. You all have discussed with me what you expect the evidence to be. There's no evidence of recklessness." Trial Transcript at 145-146.

{¶ 6} During trial, a video recording of the assault was admitted, which has no sound, but depicts Underwood punching and shoving the victim. The victim testified that he could not remember the assault; Underwood did not testify. The bartender testified that she saw Underwood and a woman arguing just before the assault, but the woman did not testify, and no other patrons at the bar at the time of the assault testified.

{¶ 7} Before the jury charge, the defense requested an instruction on the lesser-included offense of Assault, arguing that the evidence could be viewed as showing that Underwood knowingly caused physical harm, but not serious physical harm. The trial court overruled this motion, reiterating its position that the evidence could not reasonably be construed to prove recklessness, as opposed to knowing conduct:

> THE COURT: Further, Mr. Hirsch testified that he doesn't remember anything. He doesn't remember what happened. And the State didn't show him the video because he said, "I don't remember that." But the more important issue is that the only evidence before me is that he was unconscious. There is no contradictory evidence.
>
> In addition, as Mr. Chadrick said, the Court would have to find first that there is evidence of recklessness and there is none. The only reasonable inference for the jury to draw is that the Defendant's conduct was knowing. I have no testimony about his intention, that he made a mistake, that he didn't mean to. In fact, the video is such overwhelming evidence, unlike those presented in the cases that we've been discussing

since this morning where there was no evidence of a video, the defendant's conduct can only be a reasonable trier of fact could only find that it is knowing and not reckless.

In addition, there has been no evidence presented to the court that could lead the Court to a conclusion that the Defendant's conduct was reckless nor that the injuries to Mr. Hirsch were anything other than serious physical harm, and the Court will find that no reasonable trier of fact could find that the harm was merely physical harm under these circumstances. And so the Defendant's request for that additional instruction of the lesser included offense of simple assault is overruled.

Anything further Mr. Schoenlein?

MR. SCHOENLEIN:    You said, at least as I heard it a moment ago, you said that you don't have any evidence before you that Mr. Underwood did not know that his punch would produce a certain result.

THE COURT:    No, I didn't say that. You have to present evidence. I can't speculate on what he may have thought and the video is the only evidence that I have. And from that video, I have indicated that a reasonable trier of fact could only find that the conduct is knowing and not reckless.

MR. SCHOENLEIN:    And so I guess finally, Judge if - - we've already made the decision, I suppose.

THE COURT:    Sure, okay.

MR. SCHOENLEIN:    But the reason why we made the decision for Preston [Underwood] not to testify is because based on the Court's ruling

we gleaned from that that any testimony from Preston [Underwood] about what he thought would occur would be irrelevant.

THE COURT: Well, it's what he intended to do. I think I haven't made that impression on you. It's what he intended to do. And he is responsible for the natural consequence, as any Defendant is, is responsible for the natural consequences of what occurs. And I'll read to you from the jury instructions.

"Cause is an essential element of the offense of felonious assault. Cause is an act or acts which in the natural or continuous sequence directly produces the serious physical harm to a person without which it would not have occurred." And so for all of the reasons I've indicated, the request for the lesser included offense of simple assault is overruled.

Trial Transcript at 269-271.

{¶ 8} The jury returned a guilty verdict on both counts of the indictment. Underwood was sentenced to serve five years in prison on the Felonious Assault charge, and 90 days on the Criminal Damaging charge, to be served concurrently. Underwood was also ordered to pay restitution in the sum of $200. From the judgment, Underwood appeals.

### III. The Standard of Review

{¶ 9} "When reviewing the trial court's jury instructions, the proper standard of review is whether the trial court's decision to give or exclude a particular jury instruction was an abuse of discretion under the facts and circumstances of the case." *State v. Elliott,*

2d Dist. Montgomery No. 26104, 2014-Ohio-4958, ¶ 22. "Generally, abuse of discretion occurs when a decision is grossly unsound, unreasonable, illegal, or unsupported by the evidence." *State v. Nichols*, 195 Ohio App.3d 323, 2011-Ohio-671, 959 N.E.2d 1082, ¶ 16 (2d Dist.); *State v. Beechler*, 2d Dist. Clark No. 09CA54, 2010-Ohio-1900, ¶ 60–70. A decision is unreasonable if there is no sound reasoning process that would support that decision. *State v. Jones*, 2d Dist. Montgomery Nos. 25315 & 25316, 2013-Ohio-1925, ¶ 32.

**{¶ 10}** A trial court need only give those instructions that are relevant and necessary for the jury to weigh all of the evidence. *State v. Comen*, 50 Ohio St.3d 206, 553 N.E.2d 640 (1990). A defendant is only entitled to have his proposed jury instructions given when they are correct statements of the law, pertinent to the evidence in the record or to material issues, and are timely presented and not already included in the substance of the jury charge. *State v. Guster*, 66 Ohio St.2d 266, 269, 421 N.E.2d 157 (1981).

**{¶ 11}** An instruction on a lesser-included offense should only be given where the evidence warrants it, and where "the evidence does not support a conviction on a lesser included offense, it would be erroneous to instruct the jury thereon, as to do so would confront the jury with the choice of reaching an unreasonable conclusion." *State v. Dover*, 2d Dist. Clark No. 2013-CA-58, 2014-Ohio-2303, ¶ 3, citing *State v. Johnson*, 36 Ohio St.3d 224, 228, 522 N.E.2d 1082 (1988). In deciding whether to instruct the jury on a lesser-included offense, the trial court must view the evidence in a light most favorable to the defendant. *State v. Callahan*, 2d Dist. Montgomery No. 24595, 2012-Ohio-1092, ¶ 33, citing *State v. Trimble*, 122 Ohio St. 3d 297, 2009-Ohio-2072, 865 N.E. 2d 859, ¶ 192. "The lesser-included-offense instruction is not warranted every time 'some evidence' is

presented to support the lesser offense. * * * Rather, a court must find 'sufficient evidence' to 'allow a jury to reasonably reject the greater offense and find the defendant guilty on a lesser included (or inferior degree) offense.' " *Id.*, quoting *State v. Shane*, 63 Ohio St. 3d 630, 632–633, 590 N.E. 2d 272 (1992).

## IV. The Trial Court Did Not Abuse its Discretion by Overruling the Request for an Instruction on the Lesser Included Offense of Assault

{¶ 12}  For his sole assignment of error, Underwood asserts:

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING UNDERWOOD HIS REQUEST FOR A JURY INSTRUCTION FOR THE LESSER-INCLUDED OFFENSE OF SIMPLE ASSAULT.

{¶ 13} Underwood argues that the trial court erred by denying his request for a jury instruction that would have allowed the jury to consider whether Underwood was guilty of misdemeanor Assault instead of Felonious Assault. We recently addressed this issue as follows:

"The question of whether a particular offense should be submitted to the finder of fact as a lesser included offense involves a two-tiered analysis." (Citation omitted) *State v. Deanda*, 136 Ohio St.3d 18, 2013-Ohio-1722, 989 N.E.2d 986, ¶ 6. "The first tier, also called the 'statutory-elements step,' is a purely legal question, wherein we determine whether one offense is generally a lesser included offense of the charged offense." *Id.*, citing *State v. Kidder*, 32 Ohio St.3d 279, 281, 513 N.E.2d 311 (1987). "The second tier looks to the evidence in a particular case and determines whether ' "a jury

could reasonably find the defendant not guilty of the charged offense, but could convict the defendant of the lesser included offense." ' " *Id.,* quoting *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, ¶ 13. "[A] charge on the lesser offense is required 'only where the evidence presented at trial would reasonably support both an acquittal of the crime charged and a conviction upon the lesser included offense.' " *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 192, quoting *State v. Thomas*, 40 Ohio St.3d 213, 533 N.E.2d 286 (1988), paragraph two of the syllabus.

*State v. Pullen*, 2d Dist. Montgomery No. 25829, 2015-Ohio-552, ¶ 21.

{¶ 14} We have recognized that misdemeanor Assault under R.C. 2903.13(B) can be a lesser-included offense of Felonious Assault. *State v. Fuller*, 2d Dist. Montgomery No. 20658, 2005-Ohio-3696, ¶ 14. We have also held that when the victim suffers severe physical harm, a misdemeanor Assault under R.C. 2903.13(A) should not be considered as a lesser-included offense of Felonious Assault. *State v. Thornton*, 2d Dist. Montgomery No. 20652, 2005-Ohio-3744, ¶ 48. *See also State v. Brundage*, 1st Dist. Hamilton No. C-030632, 2004-Ohio-6436; *State v. Pasqualucci*, 9th Dist. Summit No. 21905, 2004-Ohio-4876. *State v. Clark*, 4th Dist. Lawrence No. 03-CA-18, 2004-Ohio-3843, holds that the trial court should have given the instruction on the lesser-included offense of Assault, under R.C. 2903.13 (A), when a defendant is charged with Felonious Assault involving an incident where the defendant punched the victim in the face once. In *Clark*, Judge Mark Painter, of the First District Court of Appeals, sitting by assignment, opined:

A trial court must give a jury instruction on a lesser-included offense if, under any reasonable view of the evidence, it is possible for the jury to find the defendant not guilty of the greater offense and guilty of the lesser offense. And the evidence must be considered in the light most favorable to the defendant.

But a party may not assign as error the failure to give any instructions unless the party objected before the jury retired to consider its verdict. Therefore, Clark has waived all but plain error. And the failure to give a jury instruction does not constitute plain error unless, but for the error, the outcome of the trial clearly would have been different.

A person is guilty of felonious assault when he knowingly causes serious physical harm to another. And an assault occurs where one knowingly causes physical harm, or recklessly causes serious physical harm, to another.  Assault is a lesser-included offense of felonious assault. The key difference between assault and felonious assault, therefore, is whether the defendant knowingly caused serious physical harm.

The key difference for Clark is that felonious assault is a second-degree felony with a maximum term of imprisonment of up to eight years, while assault is a first-degree misdemeanor with a maximum term of six months.

In *State v. McCleod,* the Seventh Appellate District held that the trial court's failure to instruct the jury on assault warranted a reversal of the

conviction for felonious assault. The defendant had objected to the jury instructions. There, the defendant had "sucker-punched" and possibly kicked his victim. The court held that a reasonable jury could have acquitted McCleod of felonious assault because it was not clear that he was aware that one punch and possibly a kick would have likely resulted in the type of serious injury that occurred.

(Internal citations omitted) *State v. Clark*, 4th Dist. Lawrence No. 03CA18, 2004-Ohio-3843, ¶¶ 6-10, citing *State v. McCleod*, 7th Dist. Jefferson No. 00 JE 8, 2001 WL 1647305 (Dec. 12, 2001).

{¶ 15} The *McCleod* case was distinguished in *State v. Bennett*, 7th Dist. Mahoning No. 04-MA-184, 2006-Ohio-3566, ¶ 62, noting that a "sucker punch" is "to punch (a person) suddenly without warning and often without apparent provocation. Webster's Tenth Collegiate Dictionary (1998), 1176." The court found that *Bennett*'s action could not be characterized as a " sucker punch" where he grabbed the victim by the shirt, struck him twice in the face, and caused serious physical harm by rendering him unconscious and fracturing his skull. *Id.* We agree with the reasoning set forth by the court in *Bennett*:

Additionally, appellant focuses entirely on his state of mind, ignoring how evidence of the extent of harm caused to the victim can illustrate the state of the mind of the attacker. As the Eleventh District Court of Appeals observed in *State v. Bucci,* 11th Dist. No.2001-L-091, 2002-Ohio-7134, at ¶ 23, since appellant *admitted to intentionally* punching Yeany in the face, "it is necessary to focus on the crucial distinction between felonious assault

and assault with regard to the harm element in determining whether the evidential table in this case required the trial court to honor appellant's request to also instruct the jury on the crime of assault."

*State v. Bennett*, 7th Dist. Mahoning No. 04-MA-184, 2006-Ohio-3566, ¶ 63.

{¶ 16} Underwood was indicted for Felonious Assault, under R.C. 2903.11(A)(1), which provides that no person shall "knowingly cause serious physical harm to another or to another's unborn." Pursuant to R.C. 2903.13, to prove a simple Assault, the State must prove beyond a reasonable doubt that the defendant:

(A) knowingly caused or attempted to cause physical harm to another or to another's unborn, or

(B) recklessly caused serious physical harm to another or to another's unborn.

{¶ 17} The only difference between Felonious Assault under R.C. 2903.11(A)(1), and misdemeanor Assault under R.C. 2903.13(A), is whether the harm caused was *serious* physical harm, as opposed to non-serious physical harm. The difference between Felonious Assault under R.C. 2903.11(A)(1), and misdemeanor Assault under R.C. 2903.13(B) is the culpable mental state – for Felonious Assault the evidence must establish that the defendant acted knowingly, but for a simple Assault the evidence need only prove that the defendant acted recklessly. Both offenses require proof that the act caused serious physical harm. In the case before us, Underwood specifically requested an instruction on the lesser-included offense of Assault based on R.C. 2903.13(A), stating that he was not asking for an instruction on recklessness, based on R.C. 2903.13(B). Trial Transcript at pg. 266. Although the trial court erroneously denied the request for an

instruction for the lesser-included offense under R.C. 2903.13(A) on the basis that the evidence did not show recklessness,[1] which is not an element of R.C. 2903.13(A), we find this error harmless, because the instruction requested under R.C. 2903.13(A) was unwarranted.

{¶ 18} We conclude that the evidence presented at trial did not reasonably support a conviction of Assault under R.C. 2903.13(A) and an acquittal on the indicted charge of Felonious Assault. A conviction for Assault under R.C. 2903.13(A) and an acquittal on the indicted charge of Felonious Assault, would have required the jury to find that Underwood knowingly caused physical harm to Hirsch but that his conduct did not knowingly cause serious physical harm to Hirsch. "Serious physical harm" to a person is found when hospitalization is required, or involves temporary incapacity as supported by the facts in the present case. R.C. 2901.01(A)(5). The video recording admitted in evidence shows Underwood swinging his arm toward the victim's head, punching the victim in the face, then shoving the victim down to cause an impact with the hard floor. Involving more than a simple "sucker punch," we conclude that under these facts no reasonable trier of fact could find that the perpetrator did not knowingly cause serious physical harm. Even if Underwood had requested an instruction based on misdemeanor assault under R.C. 2903.13(B), we conclude, upon consideration of the evidence, including the video, that no reasonable jury could find that Underwood's infliction of serious physical harm was reckless, but not knowing. Therefore, on the facts in evidence

---

[1] Although not raised as an error on appeal, we also note that the trial court stated "You have to present evidence" erroneously informing the defense it was his burden of presenting evidence to prove recklessness instead of the State's burden to prove all elements of any offense.

in this case, we conclude that the trial court did not err by refusing to give an instruction on misdemeanor Assault.

{¶ 19} Underwood's sole assignment of error is Overruled.

## V. Conclusion

{¶ 20} Underwood's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

DONOVAN, P.J., and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck
Ann M. Graber
R. Jason Howard
Hon. Mary K. Huffman